Argued and submitted May 11, reversed and remanded August 3, 1983

## ACCIDENT PREVENTION DIVISION,
*Petitioner,*

*v.*

## HOFFMAN CONSTRUCTION COMPANY,
*Respondent.*

(SH-81-420; A26322)

667 P2d 543

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Calvin L. Keith, Portland, argued the cause for respondent. With him on the brief were Jim D. Korshoj, and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The issue in this case is whether an employer can be cited for a "repeat violation" of an occupational safety standard promulgated by the Workers' Compensation Department under the Oregon Safe Employment Act, ORS 654.001 to 654.295, while the citation for the prior violation is being contested by the employer and had not yet been upheld by a final order. The referee held that the citation was improper. The Accident Prevention Division (APD) appeals.

On March 6, 1981, APD issued a citation to Hoffman Construction Company (Hoffman) after inspecting its worksite. Item No. 9 of the citation stated:

> "The floor openings created by the north and south elevator shaft openings on the first floor were not guarded by a complete standard railing and toeboards. A two by four inch guardrail was in place but toeboards had not been provided."[1]

Hoffman contested the citation under ORS 654.078. On May 18, 1981, after another inspection of the same worksite, Hoffman received another citation for several violations. Item No. 5 stated:

> "On the 11th floor there was no toeboard around the ladder opening and there was debris on the floor that could be accidentally knocked off onto an employe below. (Complied with at the time of inspection[.]) REPEAT VIOLATION of Item 9 on Citation No. 145-111-81, issued March 6, 1981, which has been contested. If Item 9 on Citation No. 145-111-81 does not become final, the penalties heretofore will be adjusted."

Hoffman also contested this citation. The citation for Item No. 9 on the first citation was not upheld by a final order until October 9, 1981, nearly five months after the citation for the repeat violation.

At the hearing on the repeat violation citation, the referee concluded:

> "In this case there was no final order in existence for the earlier citation upon which the repeat violation was based at the time the repeat violation was detected. I conclude that Item No. 5 should not have been issued as a repeat violation.

---

[1] Toeboards are required by OAR 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, 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 and 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.

"APD, in order to prove any violation to be a 'repeat', must demonstrate that the earlier citation upon which it relies becomes a final order of the agency prior to the date of the alleged repeat violation and APD must prove this by a preponderance of evidence, which it has not done."

At the time of the hearing, ORS 654.086(1) provided:[2]

"The director [of the Workers' Compensation Department] or his authorized representative is hereby granted the authority to assess civil penalties as provided by this section for violation of the requirements of any state occupational safety or health statute or the lawful regulations, rules, standards or orders adopted or promulgated thereunder.

"(a) Any employer who receives a citation for a serious violation of such requirements shall be assessed a civil penalty of not more than $1,000 for each such violation.

"(b) Any employer who receives a citation for a violation of such requirements, and such violation is specifically determined not to be of a serious nature may be assessed a civil penalty of not more than $1,000 for each such violation.

"(c) *Any employer who wilfully or repeatedly violates such requirements may be assessed a civil penalty of not more than $10,000 for each violation.* * * *" (Emphasis supplied.)

ORS 654.025(2) confers broad authority on the Department to adopt rules for the governance of its safety programs:

"The director and the board may make, establish, promulgate and enforce all necessary and reasonable regulations, rules, standards, orders and other provisions for the purpose of carrying out their respective functions under ORS 654.001 to 654.295, notwithstanding any other statutory provisions which may be to the contrary. * * *"

Hoffman's citation for the repeat violation was based on OAR 436-46-160(3):

"Where a violation of a previously cited condition is present and that first violation has been contested but not yet become final by order of law:

"(a) The second violation shall nevertheless be cited as a repeated violation; and

---

[2] ORS 654.086(1) was amended by the 1981 legislature. Or Laws 1981, ch 696, § 5.

"(b)  Such citation shall state that the prior violation has been contested and the current violation will be rescinded if the citation of the prior violation does not become final by order of law."[3]

The referee's decision in this case effectively invalidates this rule. APD claims that the rule is within the scope of the Department's rule-making authority. Hoffman argues that the rule conflicts with the Board's enabling legislation, violates constitutional due process protections and is inconsistent with decisions under the Federal Occupational Safety and Health Act.

The referee relied on cases interpreting the federal act. *Paul Betty d/b/a Betty Brothers,* 9 OSHD (BNA) 1979 (1981); *Dic-Underhill, A Joint Venture,* 1980 OSHD (CCH) ¶24,959 (1980); *Potlatch Corp.,* 1979 OSHD (CCH) ¶23,294 (1978). In *Potlatch,* the lead case, the federal Occupational Safety and Health Review Commission held:

"The Secretary in order to prove any violation to be repeated, must demonstrate that the earlier citation upon which he relies becomes a final order of the Commission prior to the date of the alleged repeated violation." 1979 OSHD (CCH) at 28,172.

However, in addition to the fact that neither *Potlatch* nor the cases following it are binding on our interpretation of state law, those cases, unlike the present case, did not involve the validity of an *agency's* interpretation of a statutory term. Rather, they reflect the reviewing body's interpretation of "repeat violation" within the meaning of the federal act in the first instance.[4]

In *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980), the court described three kinds of

---

[3] OAR 436-46-160 was amended in June, 1982. Subsection (3) of the old rule is now subsection (2) and reads:

"Such citation shall state that the prior violation has been appealed and the repeat classification of the current violation will be rescinded if the prior violation does not become final by order of law."

[4] The statutory provision in question in those cases was 29 USC § 666(a) of the Occupational Safety and Health Act of 1970:

"Any employer who wilfully or repeatedly violates the requirements of Section 654 of this title, any standard, rule, or order promulgates pursuant to section 655 of this title, or regulations prescribed pursuant to this chapter, may be assessed a civil penalty of not more than $10,000 for each violation."

terms used in an agency's enabling legislation and the scope of judicial review of those terms. Exact terms are terms of relatively precise meaning, *e.g.,* "21 years of age," "male," and "30 days." 290 Or at 223. Inexact terms are less precise and are capable of contradictory applications, although the legislature has "completely stated its meaning * * * in the sense of having made a complete policy statement." 290 Or at 225. Delegative terms "express non-completed legislation which the agency is given delegated authority to complete," *e.g.,* "good cause," "fair," "unreasonable" and "public convenience and necessity." 290 Or at 228. The term "repeatedly violates" fits within the second class of terms. Thus, the issue is whether the agency's interpretation by its rule is consistent with the legislative policy inherent in the act. 290 Or at 228. We hold that it is.

The purpose of the Oregon Safe Employment Act is to:

> "* * * [A]ssure as far as possible safe and healthful working conditions for every working man and woman in Oregon, to preserve our human resources and to reduce the substantial burden, in terms of lost production, wage loss, medical expenses, disability compensation payments and human suffering, which is created by occupational injury and disease. * * *" ORS 654.003.

The explicit legislative intent to accomplish that purpose was to provide a procedure which will:

> "(1) Encourage employers and employes to reduce the number of occupational safety and health hazards and to institute new programs and improve existing programs for providing safe and healthful working conditions.
>
> "(2) Authorize the Director of the Workers' Compensation Department and his designees to set reasonable, mandatory, occupational safety and health standards for all employments and places of employment.
>
> "(3) Provide an effective program, under the Director of the Workers' Compensation Department, to enforce all laws, regulations, rules and standards adopted for the protection of the life, safety and health of employes. * * *." ORS 654.003.

Intrinsic to the statutory scheme of enforcement is the basic policy of providing employers with incentives to comply with the safety requirements of the act. OAR

436-46-160(3) promotes that policy. It discourages employers from avoiding the incentive provided by the enhanced penalties for repeat violations by contesting the prior citation.[5] The rule is consistent with both the language and the policy of the act.[6]

■ Hoffman argues that the rule is unconstitutional in that, in essence, an employer who receives a repeat citation and has contested the first is put "in the position of being subject to a repeat violation at a time when it has no prior knowledge of the Act because there has been no final order issued regarding a prior *alleged* violation." It cites cases for the proposition that a law which gives no fair notice of what conduct is prohibited or permitted violates due process. *See Grayned v. City of Rockford,* 408 US 104, 92 S Ct 2294, 33 L Ed 2d 222 (1972); *Anderson v. Peden,* 284 Or 313, 587 P2d 59 (1978). However, an employer who receives a repeat citation has

---

[5] The possibility that an employer may receive a repeat citation for simultaneous violations of the same standard — that is, receive a citation for one violation and then receive a repeat citation for the same violation which existed at the same time at another point at the same worksite — is negated by the fact that OAR 436-46-090 requires the inspector to inspect *all* the conditions, structures and the like at the worksite. Moreover, multiple violations of the same regulation observed in a single inspection are treated as a single violation. OAR 436-46-015(32).

[6] Hoffman states in its brief that, although "the statute itself does not expressly state when the issuance of a repeat citation is proper * * *, a review of the statutory language indicates" when an employer can be cited for a repeat citation. The distinction between what the language of a statute states and what it expresses may be a novel one, and one which we would be loathe to acknowledge. *But see Springfield Education Assn. v. School District, supra,* 290 Or at 225, where the court stated:

"In saying that the legislature has completely stated its meaning and that the court ultimately discerns and applies that meaning as a matter of law, we recognize that imprecise terms in this second class are capable of contradictory applications, all of which are within the dictionary applications of the terms."

Hoffman also points out that, although ORS 654.086(1)(a) and (b) provide that an employer may be assessed a penalty on a "citation" for a violation, ORS 654.086(1)(c) provides that an employer may be assessed a penalty when it repeatedly "violates" the occupational safety and health requirements. The difference in language is significant, according to Hoffman, because an employer can be said to have violated the requirements only when there is a final order to that effect, whereas an employer can receive a citation where the APD has "reason to believe" that it has violated the requirements. ORS 654.071. Hoffman claims that the supposedly stronger language in subsection (c) requires that there be a final order before issuance of a citation for a repeat violation. However, an employer is required to pay a penalty for a violation, whether it be for a first *or* a repeat violation, only when the citation becomes final — either by the passage of 20 days after its issuance without a contest by the employer or when it is upheld after hearing if the employer contests it. ORS 654.078(3). ORS 654.086 is a *penalty* section; it says nothing about *when* a citation may be issued.

clearly been apprised of the claim of forbidden conduct by virtue of the first citation. The fact that the validity of the first citation may be successfully challenged does not mean that the employer had no *notice* of what was claimed to be wrong, but only that he was correct in his belief that the conduct was not wrong.

■     Hoffman also argues that the rule has a "chilling effect" on an employer because, "during the time when a hearing is pending regarding a first violation, the employer could be forced to either change that condition at all of its other workplaces, perhaps at considerable cost, or run the risk of being cited for numerous repeat violations as high as ten times the penalty for the prior citation."[7] Although that effect might be termed "chilling," it is precisely the purpose of the rule. Hoffman points to no constitutionally protected rights that are "chilled" by the rule. Moreover, at the time a repeat violation citation is issued, the employer retains the right to challenge the validity of both the repeat citation and the prior citation. *See* ORS 654.078(1). The rule

"* * * is not violative of due process because an employer is given adequate opportunity for a hearing at a time when [liability for the civil penalty] can still be averted. *Frank Irey Jr., Inc. v. OSHRC,* 519 F2d 1200, 1206 (3rd Cir 1974), *aff'd en banc,* 519 F2d 1215 (1975), *aff'd on other grounds,* 430 US 442, 97 S Ct 1261, 51 L Ed 2d 464 (1977).

Reversed and remanded.

---

[7] The penalty for the repeat violation in this case was $25.