Argued and submitted August 28, the decision of the Court of Appeals reversed and
rule declared invalid September 19, 1991

Dee DIKA,
dba Northwest Record Service,
and Oregon Medical Records Association,
*Petitioners on Review,*

*v.*

DEPARTMENT OF INSURANCE
AND FINANCE,
*Respondent on Review.*

(DIF WCD 1-1990; CA A64719; SC S37964)

817 P2d 287

James M. Brown of Enfield, Guimond & Brown, Salem, argued the cause for petitioner on review Oregon Medical Records Association.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

FADELEY, J.

### FADELEY, J.

The issue in this administrative law case is whether respondent Department of Insurance and Finance complied with a statute requiring that a fiscal impact statement, containing information described in the statute, be included in a government agency's notice of proposed rulemaking. ORS 183.335 in part provides:

"(1) Prior to the adoption, amendment or repeal of any rule, the agency shall give notice of its intended action:

"* * * * *

"(2)(b) The agency shall include with the notice of intended action * * *:

"* * * * *

"(D) A statement of fiscal impact identifying state agencies, units of local government and the public which may be economically affected by the adoption, amendment or repeal of the rule and an estimate of that economic impact on state agencies, units of local government and the public. In considering the economic effect of the proposed action on the public, the agency shall utilize available information to project any significant economic effect of that action on businesses which shall include a cost of compliance effect on small businesses affected."

ORS 183.315 confirms that the provisions of ORS 183.335 apply to rulemaking by respondent.

Petitioners, an association of persons who maintain medical records and an individual in the business of supplying copies of medical documents for use within the workers' compensation system, challenged the rule in question by petition for judicial review, claiming, *inter alia,* that the rule was adopted in violation of the requirements for a fiscal impact statement. The Court of Appeals affirmed the validity of the rule, OAR 436-10-090(30), without written opinion. *Dika v. Dept. of Ins. and Finance,* 105 Or App 635, 805 P2d 758 (1991). Because respondent did not comply with ORS 183.335(2)(b)(D), we declare the rule invalid and reverse.

Respondent proposed to amend its rules providing maximum allowable fees for copies of various materials. One portion of the proposed amendment added a new subsection covering charges for copies of "office progress notes" of

various providers of medical services. The proposed rule permitted a maximum fee of 15 cents per page for copying progress notes.[1]

The notice of intent to adopt the proposed rule contained the following:

> "*Fiscal and Economic Impact.* The following entities are economically affected: (a) workers' compensation insurers and (b) medical vendors."

It is this "fiscal and economic impact" statement that petitioners challenge as insufficient to comply with ORS 183.335(2)(b)(D), quoted above. Petitioners contend that the rule is invalid because the statute was not followed. They argue that a simple declaration in the fiscal impact statement that insurers and medical vendors are "economically affected" falls "far short" of the statutory requirement.

■    Analyzing that claim, we first consider whether compliance with ORS 183.335(2)(b)(D) is mandatory. On its face, there can be little doubt. The statute uses the word "shall."

The provisions of the statute are protections against arbitrary and inadequately informed governmental conduct. To construe the word "shall" as anything other than mandatory would thwart the intention of the legislature, rather than pursuing it. That would be contrary to the judicial role in construction of a legislative act. *See* ORS 174.020 ("In the construction of a statute the intention of the legislature is to be pursued if possible").

The requirement for a fiscal impact statement was created by Oregon Laws 1979, chapter 593, section 11, and Oregon Laws 1981, chapter 755, section 2 (House Bill 2497 of the 1979 session and House Bill 3274 of the 1981 session, respectively). The 1987 Legislative Assembly added to the definition section of ORS 183.310(3) a more extensive definition of "economic effect" to include the economic impact on businesses affected by a proposed rule. Or Laws 1987, ch 861, § 1.

---

[1] The analogous charge under the then-existing rule, to which the new rate of reimbursement was proposed to be added by amendment, was $3.50 for the first page and 50 cents per page thereafter for various medical reports. OAR 436-10-090(25) (1989).

Section 3 of that 1987 act also amended ORS 183.400 in a manner relevant to our inquiry. ORS 183.400 provides the procedure for challenging the validity of a rule through a petition for judicial review filed with the Court of Appeals. Before the 1987 amendment, subsection (7) stated: "The court shall not declare a rule invalid because the fiscal impact statement required by ORS 183.335 is insufficient or inadequate." ORS 183.400 (1985); *see* Frohnmayer, *The Oregon Administrative Procedure Act: An Essay on State Administrative Rulemaking Procedure Reform,* 58 Or L Rev 411, 466 (1980) (indicating that author's view of the reason for the former provision limiting reviewability of the fiscal impact statement). The 1987 act deleted that proscription and did not substitute an alternative in its place. After the 1987 act, no impediment to review of the sufficiency of an impact statement exists.

■    We next consider whether the fiscal impact statement included by the agency in its notice of proposed rulemaking complied with the statutory description of the contents that "shall" be included in such statements. ORS 183.335(2)(b)(D) requires that a fiscal impact statement provide "an estimate of [the] economic impact" upon the public, as well as on governmental units, that will be caused if the rule is adopted. Here, the agency's notice indicates that there will be such an impact. However, its statement of anticipated impact does not provide any quantitative estimate of economic impact on anyone. In that regard, the statute requires that the agency "shall utilize available information to project any significant economic effect" on businesses, should the rule be adopted. The statement does not attempt to do that, nor does it provide any explanation for failing to do so, such as those that might be related to inadequacy of "available information" or that would be appropriate where there will be no fiscal impact. The statement falls short of meeting the mandatory requirements of the statute.

A fiscal impact statement must be included in the notice of planned adoption of a proposed rule or amendment. The statement must comply with the provisions of the statute. In this case, a purported impact statement was included in the notice, but it did not comply with the statute. Accordingly, respondent failed to meet a statutory precondition for

the valid adoption of the changes in the rule involving fees for copying office progress notes. ORS 183.400(4) provides that the reviewing court "shall declare the rule invalid" where the rule was "adopted without compliance with applicable rulemaking procedures." That subsection describes this case. Oregon Laws 1987, chapter 861, section 3, by deleting the former restriction against declaring a rule invalid because of a defective fiscal impact statement, erased the impediment to a judicial declaration of invalidity of a rule on that ground. As a result, the rule (which is embodied within OAR 436-10-090(30)) that is the subject of this case is not a valid rule of respondent.[2]

The decision of the Court of Appeals is reversed. The rule is declared invalid.

---

[2] Because we hold that the rule was not validly adopted, we do not reach the remainder of the grounds for petitioners' challenge.