Submitted on petitioner's petition for reconsideration filed March 17, petition for reconsideration of decision affirming without opinion (111 Or App 452, 826 P2d 649) allowed; rules held valid May 13, petitioner's second petition for reconsideration denied August 5, petition for review denied September 29, 1992 (314 Or 392)

TROUTLODGE, INC.,
*Petitioner,*

*v.*

DEPARTMENT OF FISH & WILDLIFE,
*Respondent.*

(CA A68827)

830 P2d 622

Steven J. Brown, Brown & Johnson, Tacoma, Washington, and Ridgeway K. Foley, Jr., P.C., M. Elizabeth Duncan, and Schwabe, Williamson & Wyatt, Portland, for petition.

No appearance *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

■ Petitioner petitions for review of our decision that "affirmed without opinion" a challenge to administrative rules adopted by the Department of Fish & Wildlife (Department).[1] 111 Or App 452, 826 P2d 649 (1992). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and hold the rules valid.[2]

Petitioner operates a fish hatchery in Hood River. In 1991, Department enacted rules that authorize inspections and require periodic reports from private fish propagation facilities. As part of the procedure for adopting rules, ORS 183.335(2)(b)(D) requires:

> "In considering the economic effect of the proposed action on the public, the agency shall utilize available information to project any significant economic effect of that action on businesses which shall include a cost of compliance effect on small businesses affected."

The parties agree that petitioner is a "small business" under the statute.

■ Department's statement of fiscal impact that was attached to the notice of proposed rulemaking hearing reads:

> "4. Fiscal and economic impact: The proposed rules will affect state agencies, units of local government and the public, respectively, as discussed below:
>
> "a. The only state agency which should be affected by adoption of these rules relating to fish management and hatchery operation rules is the Oregon Department of Fish and Wildlife. No significant changes from the current levels of the department's operations or expenditures are expected as a result of the adoption of these rules.
>
> "b. No units of local government are expected to be affected by these rules. No significant changes from the

---

[1] Petitioner challenges the 1991 amendments to OAR 635-07-580 to OAR 635-07-680 and OAR 635-40-101. It also challenges the constitutionality of OAR 635-07-660(7).

[2] We erred in "affirming without opinion." ORS 183.400 requires us to make a decision. "A challenge to an administrative rule in this court is an original proceeding, and our determination of the rule's validity should, generally, be by written opinion." *Cook v. Workers' Compensation Department*, 87 Or App 486, 742 P2d 714 (1987), *rev'd on other grounds* 306 Or 134, 758 P2d 854 (1988).

current levels of any local agencies' operations or expenditures are expected as a result of the adoption of these rules.

"c. The public is affected by the adoption of these rules: These rules can be viewed as restricting the ability of fish propagation license holders to produce fish; however, the rules are needed to ensure that fish propagation operations are conducted in a manner consistent with Oregon law. Some fish propagation license holders may incur additional costs to comply with some of the provisions of the rules. *The potential magnitude of these additional costs can't be quantified at this time.*" (Emphasis supplied.)

Relying on *Dika v. Dept. of Ins. and Finance*, 312 Or 106, 817 P2d 287 (1991), petitioner argues that the fiscal impact statement is inadequate, because it did not include an estimated cost of compliance to businesses. In *Dika*, the notice of intent to adopt the proposed rule contained this:

"*Fiscal and Economic Impact.* The following entities are economically affected: (a) workers' compensation insurers and (b) medical vendors." 312 Or at 109. (Emphasis in original.)

The court said:

"Here, the agency's notice indicates that there will be such an impact. However, its statement of anticipated impact does not provide any quantitative estimate of economic impact on anyone. In that regard, the statute requires that the agency 'shall utilize available information to project any significant economic effect' on businesses, should the rule be adopted. The statement does not attempt to do that, *nor does it provide any explanation for failing to do so, such as those that might be related to inadequacy of 'available information'* or that would be appropriate where there will be no fiscal impact. The statement falls short of meeting the mandatory requirements of the statute." 312 Or at 110. (Emphasis supplied.)

Petitioner's reliance on *Dika* is misplaced. Here, the notice points out that license holders may incur additional costs to comply with some of the rules but "[t]he potential magnitude of these additional costs can't be quantified at this time." The purpose of ORS 183.335(2)(b)(D) is to provide protection against arbitrary and inadequately informed governmental conduct. *Dika v. Dept. of Ins. and Finance, supra,* 312 Or at 109. The purpose of the statute has been met,

because the notice informs license holders of a potential financial impact, the extent of which is unknown.

Moreover, ORS 183.335(2)(b)(D) provides that the "agency shall utilize *available* information" to project the fiscal impact on businesses. There is nothing in the statute that requires an agency to utilize information that is not available. The best source of information about the fiscal impact on the license holders is the private information from the license holders themselves. The notice provided license holders with an opportunity to appear at the hearing and give the agency the information that it lacked in order to make an informed decision. Petitioner acknowledges that it had an opportunity to testify at the hearing regarding the adverse impact of the proposed rules. We conclude that Department's statement of fiscal impact satisfies the purpose of ORS 183.335(2)(b)(D) and did not violate it.

Petitioner's other arguments do not require discussion.

Petition for reconsideration allowed; rules held valid.