Argued and submitted December 6, 1993, rules held valid October 19, petition for review denied December 27, 1994 (320 Or 493)

ASSOCIATION OF OREGON LOGGERS, INC.,
an Oregon corporation;
D.R. Johnson Lumber Co.,
an Oregon corporation,
Malheur Timber Operators, Inc.,
an Oregon corporation,
XL Timber, Inc.,
an Oregon corporation
and Zimbrick Logging, Inc.,
an Oregon corporation,
*Petitioners,*

*v.*

DEPARTMENT OF INSURANCE AND FINANCE,
Gary Weeks, Director, and
Oregon Occupational Safety &
Health Division, (OR-OSHA),
*Respondents.*

(CA A78305)

883 P2d 859

595-a

George W. Goodman argued the cause for petitioners. With him on the brief were Jerry K. Brown and Cummins, Brown, Goodman, Fish & Peterson, P.C.

John T. Bagg, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Adam T. Stamper and Cowling & Heysell filed a brief *amicus curiae* for the Chamber of Medford/Jackson County.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

### DEITS, P. J.

In this proceeding under ORS 183.400, petitioners challenge the validity of certain rules of the respondent Oregon Occupational Safety and Health Division (OR-OSHA) of the Department of Insurance and Finance.[1] The rules were promulgated in 1992 to implement OR-OSHA's authority under ORS chapter 654 to regulate health and safety in places of employment.

■ In their first two assignments, petitioners contend that the statement of need for the rules and the statement of fiscal impact were inadequate to satisfy ORS 183.335-(2)(b)(B) and (D), respectively. Their first assignment of error is that the agency's statement of need is "categorically false," because it incorrectly describes the agency's legal obligation to adopt a penalty scheme. Their principal objection is to the statement in the notice that "Oregon OSHA is required by its contract with federal OSHA to adopt identical revisions to its penalties." Petitioners argue that, in their view, OR-OSHA is not obligated to adopt an identical penalty scheme and that, because of the agency's misstatement of its legal obligation, the statement of need fails to give proper notice of rule-making.

However, even assuming that petitioners' understanding of the law is correct, that does not render the statement of need and notice of rulemaking invalid. The purpose of the notice of rulemaking is to alert interested persons that the agency's proposed action may have some effect on them. The notice here fulfilled that function. Indeed, the opportunity for petitioners, and others, to question the agency's legal premises at the time of the hearing is one of the matters that the advance notice is designed to assure under the statute. *See* ORS 183.335(2)(a).

■ Petitioners argue in their second assignment of error that the agency's fiscal impact statement was inadequate. We disagree. The notice acknowledged that it was uncertain what the impact on specific businesses due to the change in penalties might be, but stated that "historical trends and averages have been used to estimate that the penalties for the average

---

[1] Respondents include OR-OSHA, the department and its director. We will refer to them collectively as "respondents."

Oregon employer will rise by 65 percent to 75 percent or $400 to $500 per citation." As we held in *Troutlodge, Inc. v. Dept. of Fish & Wildlife*, 113 Or App 123, 830 P2d 622, *rev den* 314 Or 392 (1992), agencies are not required to speculate as to potential fiscal impacts of their actions. They are only required to use available information in formulating the statement of fiscal impact. Based on the information available to the agency here and the uncertainty of the impacts, we hold that the agency's statement of fiscal impact was adequate. *See also Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994).

In their third assignment, petitioners contend that various specific rules either exceed the agency's statutory authority or are unconstitutional. Four statutory provisions play a prominent role in petitioners' arguments under this assignment.[2] ORS 654.025(2) provides, in relevant part:

"The director and the board may make, establish, promulgate and enforce all necessary and reasonable regulations, rules, standards, orders and other provisions for the purpose of carrying out their respective functions under ORS 654.001 to 645.295 and 654.780, notwithstanding any other statutory provisions which may be to the contrary."

ORS 654.025(3)(c) provides:

"In the event a state of facts or condition constitutes a violation of more than one rule, regulation, standard or order of the director or any other agency pertaining to occupational safety or health, the state of facts or condition shall be the basis for the issuance of only one citation and proceeding or the assessment of only one penalty unless the statute specifically provides that a continuation of a state of facts or a condition constitutes a new violation."

ORS 654.025(5) provides, in part:

"The director and the Board may do and perform all things, whether specifically designated in ORS 654.001 to 654.295 and 654.750 to 654.780 or in addition thereto, which are necessary or convenient in the exercise of any power, authority or jurisdiction conferred upon them by ORS 654.001 to 654.295 and 654.750 to 654.780."

---

[2] All statutory references and quotations in the remainder of this opinion are to the versions of the statutes in effect at the time that the challenged rules were adopted.

ORS 654.086 provides, as material:

"(1) The director or the authorized representative of the director is hereby granted the authority to assess civil penalties as provided by this section for violation of the requirements of any state occupational safety or health statute or the lawful rules, standards or orders adopted thereunder as follows:

"(a) Any employer who receives a citation for a serious violation of such requirements shall be assessed a civil penalty of not less than $50 and not more than $7,000 for each such violation.

"(b) Any employer who receives a citation for a violation of such requirements, and such violation is specifically determined not to be of a serious nature, may be assessed a civil penalty of not more than $7,000 for each such violation.

"(c) Any employer who willfully or repeatedly violates such requirements may be assessed a civil penalty of not more than $70,000 for each violation, but not less than $5,000 for a willful violation.

"(d) Any employer who receives a citation, as provided in ORS 654.071(4), for failure to correct a violation may be assessed a civil penalty of not more than $7,000 for each day during which such failure or violation continues.

"(e) Any employer who knowingly makes any false statement, representation or certification regarding the correction of a violation shall be assessed a civil penalty of not less than $100 and not more than $2,500.

"(f) Any employer who violates any of the posting requirements, as prescribed under the provisions of ORS 654.001 to 654.295 and 654.750 to 654.780, shall be assessed a civil penalty of not more than $1,000 for each violation.

"(g) Any person who violates the provisions of ORS 654.082(2) or (3) shall be assessed a civil penalty of not less than $100 and not more than $5,000 for each such violation.

"(h) Notwithstanding paragraph (b) of this subsection, an employer who substantially fails to comply with ORS 654.174(1) shall be assessed a civil penalty of not less than $250 and not more than $2,500 for each such violation.

"(i) Any insurer or self-insured employer who violates any provision of ORS 656.451, or any rule or order carrying out ORS 656.451, shall be assessed a civil penalty of not more than $2,000 for each violation or $10,000 in the aggregate for

all violations within any three-month period. Each violation, or each day a violation continues, shall be considered a separate offense.

"(2) For the purposes of ORS 654.001 to 654.295 and 654.750 to 654.780 a serious violation exists in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

Petitioners first challenge the validity of OAR 437-01-015(53)(b)(E), which defines an "egregious" violation:

"Those conditions which normally constitute a flagrant violation of the OSEAct or OR-OSHA standards or regulations such that each instance of the violation is cited separately."

They also challenge OAR 437-01-175:

"For a willful violation, the Administrator, after considering the facts of the violation, may assess a penalty of not less than $5,000, nor more than $70,000. *For egregious violations, the Administrator may assess a separate penalty for each instance of a violation.*" (Emphasis supplied.)

Petitioners make a threefold attack on the two rules: First, they contend, ORS 654.086 establishes the types of violations for which civil penalties may be assessed, *e.g.*, "serious," "repeatedly," "willful," and respondents' attempt to create by rule an "egregious" category that does not appear in the statute exceeds the agency's statutory authority. Second, according to petitioners, the language we have emphasized in our quotation of OAR 437-01-175 violates ORS 654.025(3)(c), by purporting to confer authority on OR-OSHA to penalize separately what petitioners describe as "every incident of exposure to a hazard." Finally, petitioners maintain that the rules are unconstitutionally vague.

Respondents argue in response to the first prong of petitioners' challenge that ORS 654.025(2) and (5) confer exceedingly broad regulatory authority on them. They assert

that subsection (5) "gives the director authority to supplement any statutory provision as may be needed to fulfill the purposes of the Act." Hence, if the "egregious violation" category established by the rules amounts to an amendment of ORS 654.086, as petitioners essentially maintain, respondents appear to regard that as permissible under ORS 654.025. Respondents contend alternatively that, in any event, the creation of the egregious violation category is within the authority delegated to the agency by the statutes.

■■  The authority granted to the agency is quite broad. However, we do not believe that the agency is entitled to "supplement" the statute in the sense of effectively altering or acting inconsistently with it. We conclude, however, that the inclusion of "egregious violations" in the rule is not at variance with the types of violations delineated in ORS 654.086. OAR 437-01-015(53) defines "violations" of various types. Subsection (a) of that rule sets forth definitions of "[s]pecific classifications of violations," which include "serious," "other than serious" and "minimal." Subsection (b) then defines "[s]pecific types of the above classifications," and includes "egregious" violations among them, along with such other types as "willful," "unabated," "repeat" and "first-instance." Given that context, it seems apparent that the agency treated "egregious violations" as a subcategory of, rather than a different kind of violation than, "serious violations," and that it construed the statutory term "serious" accordingly. Stated differently, under the rules, "egregious" is not a different type of violation from the ones expressly defined in the statute; it is an interpretive explication of one of the types that is specifically covered by the statute. We conclude that that interpretation is well within the scope of the extremely broad delegated authority that ORS 654.025 confers on respondents. *See Accident Prev. Div. v. Hoffman Const.*, 64 Or App 73, 667 P2d 543 (1983).

■  Moreover, the only distinct consequence that the rules attach to an egregious violation, as far as we are apprised, is that a "separate penalty for each instance of a violation" is authorized. That differs from the consequence that attaches to a "serious violation" under ORS 654.086-(1)(a) only in that the statute says that a penalty *shall* be assessed "for each such violation," while the rule uses the

word "may."[3] We find no inconsistency of the kinds petitioners contend exist between the challenged rules and ORS 654.086.

For a similar reason, the second basis for petitioners' challenge to the egregious violation rules also fails. Petitioners understand OAR 437-01-175 to be at variance with the requirement of ORS 654.025(3)(c) that, when the same state of facts or condition violates more than one rule, only one penalty may result. However, the rule does not have the vice that petitioners ascribe to it. It does not punish the same act twice; rather, it makes separate incidents of the same kind of misconduct separately punishable. That is consistent with the statute.

Finally, assuming that vagueness *could* be a basis for invalidating a rule that relates to civil rather than penal sanctions, *but see Davidson v. Oregon Government Ethics Comm.*, 300 Or 415, 712 P2d 87 (1985), a vagueness issue like the one here, that does not involve constitutional speech protections, cannot be raised or adjudicated through a facial challenge. *See State v. Albee*, 118 Or App 212, 847 P2d 858, *rev den* 316 Or 528 (1993). This ORS 183.400 proceeding does and can present only facial challenges to the rules in question. *See Don't Waste Oregon Com. v. Energy Facility Siting, supra.* Petitioners do not demonstrate that either OAR 437-01-015(53)(b)(E) or OAR 437-01-175 is invalid.

A number of petitioners' specific challenges are predicated on their view that certain of the rules are not "necessary and reasonable" within the meaning of ORS 654.025(2). They base their challenges to OAR 437-01-052 (relating to the timing of notification of major injurious episodes), OAR 437-01-053 (proscribing the disturbance of scenes of a catastrophe or fatality), and several other rules on this theory. However, when all is said and done, petitioners offer no more than their own subjective estimations in raising and answering questions concerning the reasonableness and necessity of the rules. Those are questions that the delegative statutes

---

[3] No party argues that the rule is invalid for that reason.

We note that this is a facial challenge, and nothing in this opinion is intended as a comment on possible "as applied" proceedings that might be brought in response to actual penalty assessments.

plainly give the agency wide latitude to answer. Far more than petitioners advance here is necessary to show that the agency's answers fall outside the permissible range of the legislative delegation.

Petitioners understand two of the rules, OAR 437-01-057 and OAR 437-01-075, as allowing inspections to take place without compliance with ORS 654.067 and/or constitutional search protections. In our view, these arguments are premised on an incorrect reading of the language of the rule.

Petitioners' remaining contentions are either answered by our earlier discussion of related arguments, or require no discussion.[4]

Rules held valid.

---

[4] We have reviewed and considered petitioners' arguments, as well as those of the *amicus*, and find no basis in eithers' arguments for invalidating the rules.