Argued and submitted December 18, 1991, reversed and remanded for
determination of entitlement to attorney fees May 13, 1992

In the Matter of the Compensation of
Heriberto Valencia, Claimant.

Heriberto VALENCIA,
*Petitioner,*

*v.*

BAILEY NURSERIES
and St. Paul Fire/Marine,
*Respondents.*

(WCB 90-08942; CA A70324)

829 P2d 1056

Before Warren, Presiding Judge, and Riggs and Edmonds,
Judges.

RIGGS, J.

RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board denying his request for attorney fees. ORS 656.298. We reverse and remand.

The Board adopted the order of the referee, including these findings made on the basis of stipulated facts submitted by the parties:

"On March 26, 1990, St. Paul issued a denial of chiropractic services for a previously accepted and closed 1988 knee injury.

"Claimant requested a hearing to challenge that denial on April 24, 1990.

"On May 7, 1990, the Oregon Legislative Assembly met in emergency session and significantly modified the Oregon workers' compensation law, including greater control and qualified closure over chiropractic services.

"Before this scheduled hearing, St. Paul rescinded the denial of chiropractic services.

"St. Paul concedes that had there not been a Request for Hearing, it would likely have allowed the denial to become final.

"Claimant concedes, however, that had the legislature not changed the law relating to chiropractic care, St. Paul would not have rescinded its denial, and would have pursued its remedy for control and qualified closure of chiropractic services through the hearing process.

"In a hearing, the claims examiner for St. Paul would testify that the denial was rescinded because the object of the denial (control of chiropractic services), was achieved by the coincident yet independent action of the legislature. Denial and litigation would have been a vacant and redundant exercise." (Citations omitted.)

Relying on *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318 (1991), the referee concluded, and the Board agreed, that an award of attorney fees was not appropriate, because the denial had been rescinded before a hearing. After the Board's order was issued on June 10, 1991, the Governor signed into law Senate Bill 540, which amended ORS 656.386(1) to allow attorney fees if "an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held." Or Laws 1991, ch 312, § 1. We

allowed reconsideration in *Jones v. OSCI, supra,* withdrew our opinion and reversed and remanded to the Board for an award of attorney fees. 108 Or App 230, 814 P2d 558 (1991). In the light of our opinion on reconsideration in *Jones* and the 1991 amendments to ORS 656.382(1), we reverse and remand this case to the Board for determination of entitlement to attorney fees.

Reversed and remanded for determination of entitlement to attorney fees.