Submitted on record and briefs July 16, reversed and remanded for reconsideration of attorney fees August 5, 1992

In the Matter of the Compensation of
Arliss C. Hughes, Claimant.

Arliss C. HUGHES,
*Petitioner,*

*v.*

SAIF CORPORATION
and Moe's Restaurant,
*Respondents.*

(87-03398, 88-11189, 87-19163,88-07600, 88-07601;
CA A64863)

834 P2d 551

Karen M. Werner, Eugene, filed the brief for petitioner.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, filed the brief for respondents.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

PER CURIAM

**PER CURIAM**

The Workers' Compensation Board held that claimant's attorney was not entitled to an insurer-paid attorney fee under *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318 (1991). After that decision, the legislature amended ORS 656.386(1) to authorize an insurer-paid attorney fee when a claimant's attorney is instrumental in obtaining compensation without a hearing. Or Laws 1991, ch 312, § 1. We then withdrew our opinion in *Jones* and remanded to the Board for an award of attorney fees. 108 Or App 230, 814 P2d 558 (1991). Respondents concede that claimant's attorney may be entitled to a fee under that amendment and that the Board's order should be vacated and the case remanded for reconsideration. We accept the concession. *See Northcutt v. BJ's Ice Cream Parlor*, 113 Or App 748, 832 P2d 52 (1992); *Valencia v. Bailey Nurseries*, 113 Or App 74, 829 P2d 1056 (1992).

Reversed and remanded for reconsideration of attorney fees.