Argued and submitted September 28, 1990, affirmed May 15, reconsideration allowed by opinion July 24, 1991

See 108 Or App 230, 814 P2d 558 (1991)

In the Matter of the Compensation of
Duane L. Jones, Claimant.

Duane L. JONES,
*Petitioner,*

*v.*

OREGON STATE
CORRECTIONAL INSTITUTION
and Inmate Injury Fund,
*Respondents.*

(88-10417; CA A64627)

810 P2d 1318

Merrill Schneider, Portland, argued the cause for petitioner. With him on the brief was Merrill Schneider & Associates, Portland.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jerome Lidz, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

■■■■■■■■

Rossman, J., dissenting.

**BUTTLER, P. J.**

Claimant, an injured inmate, seeks review of an order of the Workers' Compensation Board denying his request for insurer-paid attorney fees under ORS 656.386(1) for services rendered before hearing, from the time when the request for hearing was filed to when the Inmate Injury Fund (Fund) withdrew its denial of the claim.

Claimant was injured and filed a claim, which Fund denied. Claimant requested a hearing but, before the case came to hearing, Fund withdrew its denial and accepted the claim. The case then went to hearing only on claimant's request for insurer-paid attorney fees, which the referee denied. The Board affirmed.

The parties agree that ORS 656.386(1) provides the only possible statutory[1] authorization for an award of insurer-paid attorney fees in this case. That statute provides:

"(1)   In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. *In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee.*"

"(2)   In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382." (Emphasis supplied.)

The question is whether claimant has prevailed "finally in a hearing" within the meaning of the statute. In

---

[1] At the relevant time, OAR 438-15-030(1) provided, in part:

"If an attorney is instrumental in obtaining compensation for a claimant without a hearing before a referee, a reasonable attorney fee may be approved or assessed."

OAR 438-15-005(2) defines an "assessed fee" as "an attorney fee paid to a claimant's attorney by an insurer or self-insured employer in addition to compensation paid to a claimant." The Board concluded that the phrase "in a hearing before a referee" has a precise meaning and leaves no room for interpretation. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980). Accordingly, it held that the rule exceeded its statutory authority to award attorney fees and is invalid.

*Greenslitt v. City of Lake Oswego,* 305 Or 530, 754 P2d 570 (1988), the court said:

> "There are three prerequisites to the applicability of the attorney fees provision of ORS 656.386(1): (1) the claimant must initiate the hearing process by requesting review from an order or decision denying the claim; (2) the claimant must prevail *finally* on the issue of compensation (before the forum in which the claimant is the initiating party); and (3) the decision of the referee, board or court in which the claimant prevails finally must be from an earlier decision or order denying, rather than allowing, the claim for compensation. *Shoulders v. SAIF,* 300 Or 606, 611-12, 716 P2d 751 (1986). A claimant 'prevails finally' before a forum if that forum holds in the claimant's favor on the issue of the claimant's right to workers' compensation and that determination is not appealed within the time allowed by statute." 305 Or at 533. (Emphasis in original.)

Although the issue in that case was whether the dispute over the amount of fees awarded the claimant by the referee should be resolved by the Board or by the circuit court under ORS 656.388(2),[2] that issue depended on the meaning of ORS 656.386(1). The court's statement, quoted above, follows the plain meaning of the statute: The claimant must prevail finally before the forum in which the claimant is the initiating party. In all other cases, the fees are to be paid out of the award of compensation, except as otherwise provided in ORS 656.382.[3]

---

[2] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

[3] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to the claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant *at and prior to the hearing,* review on appeal or cross-appeal." (Emphasis supplied.)

Under ORS 656.382, if the employer is the initiating party, and the forum finds that compensation should not be disallowed or reduced, the employer is required to pay the claimant's attorney fees for services "at *and prior to* the hearing." (Emphasis supplied.) The legislature has distinguished between the two types of cases, allowing the claimant an insurer-paid attorney fee for pre-hearing services in the one and not in the other. There is no ambiguity, and claimant's argument that the word "hearing" is an inexact term under *Springfield Education Assn. v. School Dist., supra* n 1, and so the Board is required to interpret it, is not well-founded.

It is clear, therefore, that an insurer-paid attorney fee is not available under ORS 656.386(1), unless the matter of compensability is resolved by the forum, not by the withdrawal of a denial before the forum has decided the matter. If a referee has not resolved the issue of compensability, then a claimant has not "prevailed finally in a hearing before the referee" for the purpose of ORS 656.386(1).

Because there is no other statutory basis for an award of insurer-paid attorney fees, claimant's fees must be paid out of the award of compensation.[4]

Affirmed.

**ROSSMAN, J.,** dissenting.

The majority holds that claimant was not entitled to employer-paid attorney fees for services in overcoming the denial of his claim, because he did not prevail finally *in a hearing, i.e.,* in a completed adversarial proceeding where a referee holds in a claimant's favor. Although ORS 656.386(1) provides the only statutory authorization for an award of attorney fees, I cannot agree with the majority's decision that the statute was intended to preclude attorney fees in cases where the claim is settled before the final curtain comes down on a complete hearing. That result is so foreign to considerations of fairness and the efficient administration of justice,

---

[4] The dissent expresses concerns about the "policy implications" of our decision, 107 Or App at 8 n 1. Although we share some of those concerns, policy decisions are for the legislature. Our function is to apply the law as it reads.

within the realm of the Workers' Compensation Law, that I must dissent.

The statute describes, generally, the different levels of review in workers' compensation cases and provides that a claimant who seeks review of a denied claim may recover attorney fees for prevailing finally at any level. It does not state that the claimant must prevail by reason of a *decision* at the hearing level. Rather, it appears to permit recovery of attorney fees by a claimant who succeeds in establishing finally the compensability of the claim after the employer or insurer has made a decision to deny the claim, whether that be by a determination of the referee or by the employer's ultimate acceptance of the claim at the hearing level.

*Greenslitt v. City of Lake Oswego,* 305 Or 530, 533, 754 P2d 570 (1988), relied on by the majority, is not inconsistent with my interpretation of the statute. The question in that case was whether, considering ORS 656.386(1) and ORS 656.388(2) together, the Board or the circuit court was the proper forum to review the referee's award of attorney fees. That, in turn, depended on whether the claimant had "finally prevailed" before the referee. The court held that the claimant had not, because the employer had sought Board review of the referee's determination of compensability. *Greenslitt* stands only for the proposition that a claimant cannot be said to have "finally prevailed" if the issue of compensability remains ultimately unresolved. It does not preclude an award of attorney fees if the issue of compensability is resolved in the claimant's favor after a hearing has been requested but before the referee has reached a decision. The court was not faced with that issue and had no occasion to consider it.

Employer, having denied the claim, forced claimant to request a hearing, thereby bringing the case to the hearing level of review. The efforts of claimant's attorney were presumably responsible for the Fund's ultimate withdrawal of the denial and acceptance of the claim. A claimant incurs attorney fees throughout the entire process and should be fully compensated when a claim is accepted. The proper focus in determining whether claimant is entitled to attorney fees is on *whether* he finally prevailed on the issue of compensation, not *when* he prevailed or in what setting. Claimant did

prevail, no matter how one looks at it, and he should be awarded attorney fees.

In view of the legislature's apparent policy, as expressed in ORS 656.386, that the employer, not the claimant, bear the cost of a claimant's legal representation when a claim is erroneously rejected and it proceeds to the hearing level, the Board's interpretation of the statute is erroneous as a matter of law. For more than 20 years, the Board interpreted the statute to permit attorney fees for services provided after a request for a hearing had been filed but before the hearing. *See former* OAR 438-15-030(1). The legislature did nothing to change that interpretation, and I see no reason suddenly to move the goalposts now.

Accordingly, I dissent.[1]

---

[1] I am also very much concerned about the policy implications of the majority's holding. It is likely to discourage claimants from seeking pre-hearing rescission of claim denials, because attorney fees, if any, will be deducted from the award. Obtaining relief effectively exposes a claimant to a penalty. There are also negative consequences on the employers' side: The majority's result will eliminate an important incentive for employers to investigate and accept meritorious claims promptly and carefully and forces claimants to incur unnecessary expenses that the responsible employers will not be required to reimburse. Beginning with this case, other than the penalties imposed for unreasonable denials, there no longer is a risk of incurring attorney fees for denying valid claims. I believe that that unfairly places the financial burden of error on claimants.