On petitioner's petition for reconsideration filed June 19, reconsideration allowed; former opinion (107 Or App 78, 810 P2d 1318) withdrawn; reversed and remanded to Board July 24, 1991

In the Matter of the Compensation of
Duane L. Jones, Claimant.

Duane L. JONES,
*Petitioner,*

*v.*

OREGON STATE
CORRECTIONAL INSTITUTION
and Inmate Injury Fund,
*Respondents.*

(88-10417; CA A64627)

814 P2d 558

Merrill Schneider, Portland, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant has filed a petition for review, which we treat as a motion for reconsideration, ORAP 9.15, of our May 15, 1991, decision. 107 Or App 78, 810 P2d 1318 (1991). We allow the motion, withdraw our former opinion and reverse and remand the case to the Board. In that opinion, we held that ORS 656.386(1) provides no basis for an award of insurer-paid attorney fees to a claimant when the employer withdraws its denial of the claim after the claimant's request for hearing has been filed but before the referee has decided the matter. On June 19, 1991, the Governor signed into law Senate Bill 540, which amends ORS 656.386(1) so that it now expressly provides for attorney fees under those circumstances.

The statute now provides that if "an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed." The amendment, which became effective on its passage, "applies to all claims for which an order relating to the issue on which attorney fees are sought has not become final on or before the effective date of this 1991 Act, regardless of the date of injury." SB 540, § 3.

Reconsideration allowed; former opinion withdrawn; reversed and remanded to the Workers' Compensation Board for award of attorney fees.