Argued and submitted March 29, reversed and remanded for reconsideration of attorney fees April 21, 1993

In the Matter of the Compensation of
Nancy E. O'Neal, Claimant.

Nancy E. O'NEAL,
*Petitioner,*

*v.*

Robert TEWELL
and SAIF Corporation,
*Respondents.*

(91-12978; CA A76809)

850 P2d 1144

Charles D. Maier and Gatti, Gatti, Maier, Jackson & LeDoux, Salem, filed the brief for petitioner.

Steven Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in failing to assess a penalty under ORS 656.262(10) for SAIF's delay in the payment of compensation for temporary disability, and attorney fees under either ORS 656.386(1) or ORS 656.386(2).

The parties have stipulated to the material facts. On July 19, 1991, claimant left work due to a compensable injury. Her employer was non-complying and, on August 21, 1991, the Compliance Division referred the case to SAIF for processing. At that time, the Compliance Division's investigation had revealed that claimant's wage was $5.50 per hour. On September 3, 1991, SAIF began paying interim compensation for the period beginning August 21, 1991. On September 5, 1991, the claims examiner spoke with claimant, and his notes reflect that claimant told him that her hourly wage was $6.00. The claims examiner spoke with employer on September 9, 1991, and notes of that conversation indicate that employer stated that claimant's hourly wage was $5.50. On September 20, 1991, SAIF accepted the claim. On that date, it paid time loss from the date of the injury to the date the claim was referred to it for processing, at a rate of $5.50 per hour.

On October 10, 1991, the non-complying employer told SAIF's claims examiner that claimant's hourly wage was $6.00. The claims examiner requested written confirmation of that and, on October 14, 1991, received a letter from employer to that effect. On October 23, 1991, claimant filed a request for hearing, contending that SAIF had miscalculated the rate of time loss. On October 28, SAIF began to pay time loss benefits at the rate of $6.00 per hour.

Claimant first argues that the Board erred in failing to assess a penalty for SAIF's initial failure to pay time loss from the date of his injury. ORS 656.262(4) provides that the first installment of compensation is to be paid no later than 14 days after the employer has notice of the claim. ORS 656.054(1) provides that, when SAIF acts as the processing agent for a non-complying employer, the time within which the first installment of compensation is to be paid begins to

run on the date that the claim is referred to SAIF for processing. SAIF had 14 days from the date the claim was referred to it, August 21, 1991, within which to begin payment of interim compensation. SAIF's initial payment of benefits on September 3, 1991, was timely.

■    Claimant contends that the first payment of compensation made pursuant to ORS 656.054(1) must be retroactive to the date of injury. We disagree. In *Spivey v. SAIF*, 79 Or App 568, 571, 720 P2d 755 (1986), we held that an insurer is obligated to pay benefits for time loss for the period prior to the time it has notice of the claim only if the claim is ultimately accepted or determined to be compensable. Here, claimant is entitled to those benefits, but SAIF was not obligated to pay them until it had accepted the claim. It did. Claimant is not entitled to a penalty for SAIF's delayed payment of the full amount of time loss ultimately due.

■■    Secondly, claimant assigns error to the Board's failure to assess attorney fees under ORS 656.386(1), for claimant's success in obtaining additional compensation based on the correct wage rate after the filing of the request for hearing but before a hearing was held. ORS 656.386 provides, in part:

"(1)   In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. * * *

"(2)   In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

The Board declined either to assess an attorney fee against SAIF under ORS 656.386(1) or to award attorney fees out of compensation under ORS 656.386(2), finding that claimant's attorney had not been instrumental in obtaining compensation. We affirm the Board's decision that claimant is not entitled to an assessed fee under ORS 656.386(1), but for a

different reason. A claimant is entitled to attorney fees under that subsection only in an appeal "from an order or decision denying the claim for compensation." *Shoulders v. SAIF*, 300 Or 606, 611, 716 P2d 751 (1986). Here, the claim for compensation had been accepted. The only issue concerned the amount of benefits.

OAR 438-15-030 provides:

"If an attorney is instrumental in obtaining compensation for a claimant without a hearing before a referee, a reasonable attorney fee may be approved."

The Board relied on that administrative rule in support of its decision refusing to authorize a fee paid out of compensation under ORS 656.386(2). The rule limits the award of attorney fees under ORS 656.386(2) to cases where the attorney is instrumental in obtaining compensation. There is no statutory basis for such a limitation. The language in ORS 656.386(1) that attorney fees are available "if an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held," applies only in the context of a fee assessed under ORS 656.386(1). Accordingly, the Board erred in imposing that requirement on a request for fees paid out of compensation under 656.386(2), and we reverse and remand the case to the Board for it to reconsider claimant's request for authorization of attorney fees under that subsection.

Reversed and remanded for reconsideration of attorney fees.