Argued and submitted March 29, reversed in part; otherwise affirmed October 20, 1993, reconsideration denied March 2, petition for review allowed March 22, 1994
(318 Or 478)

In the Matter of the Compensation of
Trina K. Allen, Claimant.

## SAIF CORPORATION
and Rose's Restaurant,
*Petitioners,*

*v.*

Trina K. ALLEN,
*Respondent.*

(91-09837; CA A76538)

861 P2d 1018

David L. Runner, Assistant Attorney General, argued the cause for petitioners. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Julie K. Bolt, Special Assistant Attorney General.

Karen Stolzberg argued the cause for respondent. With her on the brief was Goldberg & Mechanic.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

De Muniz, J., concurring.

Rossman, P. J., dissenting.

## LEESON, J.

SAIF and Rose's Restaurant seek review of an order of the Workers' Compensation Board determining that claimant is entitled to attorney fees under ORS 656.386(1) for having prevailed on the question of entitlement to compensation for medical bills related to a compensable claim. We conclude that the Board erred in assessing attorney fees, and reverse in part.

Claimant sustained a compensable back injury in 1988 while working as a waitress for Nendel's. In 1989, she sustained another back injury while working for Rose's Restaurant, SAIF's insured. The insurers agreed that the injury was compensable, and in August, 1990, SAIF was assigned responsibility for claimant's upper back and cervical conditions. It paid some medical bills, but did not pay others until after claimant had requested a hearing regarding the nonpayment. At the hearing, the parties agreed that SAIF had paid the bills late and that claimant was entitled to a penalty under ORS 656.262(10), and a related attorney fee under ORS 656.382(1). The Board, in affirming the referee, also awarded attorney fees under ORS 656.386(1) on the basis of its conclusion that claimant's attorney had been "instrumental in obtaining compensation" for claimant.

The only issue is whether claimant was entitled to attorney fees under ORS 656.386(1), which provides:

> "In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. *If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed.* Attorney fees provided for in this section shall be paid by the insurer or self-insured employer." (Emphasis supplied.)

A claimant is entitled to attorney fees under ORS 656.386(1) only in an appeal "from an order or decision denying the claim for compensation." *Shoulders v. SAIF*, 300 Or 606, 611, 716

P2d 751 (1986); *O'Neal v. Tewell*, 119 Or App 329, 850 P2d 1144 (1993). Here, the compensability of claimant's injury was never disputed. She sought a hearing regarding nonpayment of some medical bills. The Supreme Court has held that "[w]here the only compensation issue on appeal is the amount of compensation or the extent of disability, rather than whether the claimant's condition was caused by an industrial injury, ORS 656.386(1) is not the applicable attorney fee statute * * *." *Short v. SAIF*, 305 Or 541, 545, 754 P2d 575 (1988). Because the compensability of claimant's injuries was not at issue in the hearing, her attorney was not entitled to an award of fees under ORS 656.386(1).

The unsettled question of statutory construction raised by this case is whether the emphasized language of the statute provides an independent basis for the assessment of attorney fees. The Board appears to believe that it does. We disagree. The legislature added the emphasized language to the statute in 1991, in response to our original decision in *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991), in which we held that, in order to recover an assessed fee under ORS 656.386(1), the claimant must have prevailed by a decision of the referee. We said that, if a matter was resolved by a stipulation of the parties or by a withdrawal of the denial, rather than by a decision of the referee, then the statute was inapplicable. Following that decision, the legislature amended the statute to specifically provide for an award of attorney fees to a claimant who prevails even if a hearing is not held, so long as the claimant's attorney is instrumental in having the claim determined to be compensable. The added language, read in the context of the statute, does not provide an independent basis for an award of attorney fees apart from the other requirements of the statute. It merely establishes that attorney fees may be assessed if a hearing is not held. The claimant must otherwise be entitled to them under the provisions of the statute and the cases interpreting it.

The Board erred in assessing attorney fees under ORS 656.386(1) in this case, because the subject of the hearing was not the compensability of claimant's injuries. The hearing involved a dispute about payment of medical bills.

Reversed as to assessment of attorney fees under ORS 656.386(1); otherwise affirmed.

**De MUNIZ, J.,** concurring.

If I were writing on a clean slate, I would conclude that the referee and the Board were correct in awarding attorney fees under ORS 656.386(1) *and* a penalty under ORS 656.262(10). However, the Supreme Court has indicated that an insurer's failure to timely respond to a claim for compensation may not be construed as a *de facto* denial. If that is the case, then the lead opinion's conclusion that claimant is not entitled to attorney fees is correct, because an initial denial is a prerequisite to the recovery of attorney fees under ORS 656.386(1).

In my view, an insurer's failure to timely accept or deny a claim ought to be considered a denial, and that should entitle the claimant to attorney fees under ORS 656.386(1), which provides, in part:

> "In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed."

The first sentence of ORS 656.386(1) governs the award of attorney fees when either of Oregon's appellate courts review a claim for compensation. That sentence clearly makes "an order or decision denying the claim" a prerequisite to an award of attorney fees by the court.

The second sentence governs the award of attorney fees in cases decided by a referee or by the Board. That sentence begins with the words, "[i]n such rejected cases." That phrase establishes that a claimant who prevails in a

hearing is entitled to attorney fees only if the claim has initially been rejected (*i.e.*, denied) by the insurer.[1]

Before 1990, ORS 656.386(1) did not contain any provision for the award of attorney fees in the absence of a hearing. Or Laws 1990, ch 2, § 29; *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991). Now, an attorney fee is required if the claimant's "attorney is instrumental in obtaining compensation," even though no hearing is held. The purpose of the 1990 amendment is to assuage the effects of resistance to a valid claim that is resolved in favor of a claimant before a hearing is held. The third sentence in ORS 656.386(1) does not expressly state whether an initial denial is a prerequisite to the recovery of attorney fees when no hearing is held, but that requirement is implicit when the structure of ORS 656.386(1) is viewed as a whole.

The third sentence is important in cases like this one, where a recalcitrant insurer realizes that it has no chance of prevailing at a hearing, and it therefore capitulates. Here, SAIF failed to formally accept or deny the claim until claimant requested a hearing. Apparently, claimant's request for a hearing was necessary to get SAIF's attention, and SAIF paid the last of claimant's bills just before the hearing.

Even though SAIF conceded all issues of compensability, a hearing was still necessary for the purpose of determining attorney fees and penalties. The referee found that it was "doubtful that the bills would have been paid if it had not been for claimant's attorney's efforts." There is substantial evidence to support that finding, and the Board adopted it.

The majority and I part ways when it asserts that "the compensability of claimant's injuries was not at issue in the hearing." 124 Or App at 186. The initial inquiry is whether SAIF made a "decision denying the claim for compensation." ORS 656.386(1). " 'Compensation' includes all

---

[1] The term "shall" in ORS 656.386(1) indicates that the referee's duty to allow attorney fees is nondiscretionary. *Dika v. Dept. of Ins. and Finance*, 312 Or 106, 109, 817 P2d 287 (1991); *Benzinger v. Oregon Dept. of Ins. and Finance*, 107 Or App 449, 451, 812 P2d 36 (1991).

benefits, including medical services, provided for a compensable injury." ORS 656.005(8). " 'Claim' means a written request for compensation." ORS 656.005(6).

Everyone agrees that claimant suffered a compensable injury to her back while working for Rose's Restaurant. On March 14, 1991, claimant's attorney wrote to SAIF and sent it copies of unpaid medical bills. It cannot be gainsaid that her attorney's letter, accompanied by those bills, was a written request for compensation. SAIF was required to either accept or deny the claim, in writing, by June 12, 1991. ORS 656.262(6). It failed to do so.

SAIF contends:

> "A *de facto* denial occurs only when the reason the benefits are not being paid is because the insurer is contesting their compensability and informally rejecting payment."

I wish I could disagree. An insurer should not be permitted to sit idly by and allow the statutorily mandated deadline to pass without giving claimant a definitive response or paying her claim in full.[2] In my opinion, SAIF's failure to do either was, in effect, a decision denying the March 14 claim for compensation.

However, the Supreme Court has indicated that "[a]n insurer's failure to respond to a claim [as required by ORS 656.262(6)] is neither acceptance [n]or denial." *Johnson v. Spectra Physics*, 303 Or 49, 58, 733 P2d 1367 (1987). The issue in that case was whether an insurer's inaction could be construed as *acceptance* of a claim. The conclusion that inaction does not constitute *denial* is therefore *dictum*. I question whether the Supreme Court really intended claimants to languish while insurers failed to obey the law that requires them to accept or deny claims in a timely fashion.

**ROSSMAN, P. J.,** dissenting.

Because the Board and referee got this one right, I dissent. SAIF readily admits that it did not pay all of claimant's medical bills in a timely fashion. This is definitely not the time for a claimant's attorney to be slumbering at the

---

[2] SAIF did pay some of the bills in April and others in May. However, it did not pay the remaining bills until September.

switch. It was only after she filed a request for hearing that the bills were finally paid. ORS 656.386(1) plainly provides that a claimant is entitled to insurer-paid attorney fees if the "attorney is instrumental in obtaining compensation." The Board concluded that claimant's attorney was instrumental in obtaining compensation, and that conclusion is supported by substantial evidence in the record. Accordingly, we should affirm the Board's assessment of attorney fees.