Argued and submitted April 23, affirmed October 20, reconsideration denied December 15, 1993, petition for review allowed January 18, 1994 (318 Or 325)

In the Matter of the Compensation of
Joseph L. Gamble, Claimant.

Joseph L. GAMBLE,
*Petitioner,*

*v.*

NELSON INTERNATIONAL
and SAIF Corporation,
*Respondents.*

(91-05124; CA A77464)

861 P2d 1021

Gordon S. Gannicot waived oral argument for petitioner. With him on the briefs was Hollander, Lebenbaum & Gannicott.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

Rossman, P. J., dissenting.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in failing to assess attorney fees under ORS 656.386(1) for SAIF's withdrawal of its "disclaimer of responsibility" before a hearing had been held.

Claimant filed a claim for a back injury and received a "disclaimer of responsibility" from SAIF, pursuant to ORS 656.308(2),[1] in which SAIF contended that claimant's subsequent employer was responsible for the claim. Claimant

---

[1] ORS 656.308(2) provides:

"No employer or insurer shall be joined in any workers' compensation proceeding unless the worker has first filed a timely written claim for benefits against that employer or insurer, or the employer or insurer has consented to the issuance of an order designating a paying agent under ORS 656.307. Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position within 30 days of actual knowledge of being named or joined in the claim. The notice shall specify which employer or insurer the disclaiming party believes is responsible for the injury or disease. The worker shall have 60 days from the date of mailing of the notice to file a claim with such other employer or insurer. Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, if that notice was given as provided in this subsection."

OAR 438-05-053, which implements the statute, provides, in part:

"(1) If a self-insured employer or insurer intends to disclaim responsibility for a claim on the basis of injury or exposure with another employer, the self-insured employer or insurer shall, not later than 30 days after being named or joined in the claim, mail to the claimant a notice stating its intent to disclaim responsibility. The notice shall:

"(a) Identify the condition(s) for which responsibility is being disclaimed;

"(b) State the factual and legal reasons for the disclaimer of responsibility for compensation, and if the condition is also denied, for the denial;

"(c) Identify each injury or period of exposure which the self-insured employer or insurer claims is responsible for the claimant's condition, as follows:

"(i) The names and addresses of each allegedly responsible employer and of its insurer, if any;

"(ii) The specific date(s) of injury or exposure;

"(d) State whether the self-insured employer or insurer has requested the appointment of a paying agent pursuant to ORS 656.307.

"(2) The notice of intent to disclaim responsibility shall not be deemed a denial of the claim for purposes of ORS 656.319 unless the self-insured employer or insurer so states in the notice.

"(3) A notice of intent to disclaim responsibility that is not a denial of the claim shall include the following notice, in prominent or bold-face type, using the following paragraph divisions:

requested a hearing, and shortly before the hearing, SAIF withdrew its disclaimer. The only question on review is whether claimant's attorney is entitled to fees for having been instrumental in obtaining the withdrawal of the disclaimer.

ORS 656.386(1) provides, in part:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. *If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed.*" (Emphasis supplied.)

There are two reasons why we conclude that the emphasized language does not authorize an insurer-paid attorney fee in

---

" 'THIS IS A NOTICE THAT WE BELIEVE ANOTHER EMPLOYER OR INSURER MAY BE RESPONSIBLE FOR YOUR CONDITION AND BENEFITS. YOU HAVE 60 DAYS FROM THE DATE OF THIS LETTER TO MAKE A WRITTEN CLAIM WITH THE EMPLOYER(S) OR INSURER(S) LISTED ABOVE.

" 'IF IN 60 DAYS YOU DO NOT MAKE A CLAIM WITH AN EMPLOYER OR INSURER WHO IS LATER FOUND RESPONSIBLE FOR YOUR CONDITION, YOU WILL LOSE YOUR BENEFITS. YOU MAY BE REPRESENTED BY AN ATTORNEY OF YOUR CHOICE AT NO COST TO YOU FOR ATTORNEY FEES. IF YOU HAVE QUESTIONS YOU MAY CALL THE COMPLIANCE SECTION TOLL FREE IN OREGON AT 1-800-452-0288 OR IN SALEM OR FROM OUTSIDE OREGON AT (503) 378-4956.'

"(4) A notice of intent to disclaim responsibility that is also a denial of compensation shall include the following notice, in prominent or bold-face type, using the following paragraph division:

" 'THIS IS A DENIAL OF YOUR CLAIM FOR BENEFITS. IF YOU THINK THIS DENIAL IS NOT RIGHT, YOU MUST DO TWO THINGS TO PROTECT YOUR RIGHTS:

" '(1) WITHIN 60 DAYS OF THE DATE OF THIS LETTER, YOU MUST REQUEST A HEARING. * * *

" '(2) WITHIN 60 DAYS MAKE A WRITTEN CLAIM WITH THE EMPLOYER(S) OR INSURE(S) LISTED IN THIS LETTER. IF IN 60 DAYS YOU DO NOT MAKE A CLAIM WITH AN EMPLOYER OR INSURER WHO IS LATER FOUND RESPONSIBLE FOR YOUR CONDITION YOU WILL LOSE YOUR BENEFITS.' "

this case. Under the circumstances of this case, SAIF's "disclaimer" of responsibility, pursuant to ORS 656.308(2), is not a denial. Although SAIF could have chosen to deny the claim in the same document, *see* OAR 438-05-053, it did not. The disclaimer is not subject to the procedures of ORS 656.262(6). It serves only to notify the claimant that the claim may be compensable against another employer or insurer. We conclude that it does not trigger the provisions of ORS 656.319 regarding the request for hearing, and does not provide a basis for the assessment of attorney fees under ORS 656.386(1).

Additionally, as the Supreme Court has held, an assessed fee is available under ORS 656.386(1) only if the claimant finally prevails "from an order or decision denying the claim for compensation." *Shoulders v. SAIF*, 300 Or 606, 611, 716 P2d 751 (1986). When the issue in the case does not concern the compensability of the claim, the statute is inapplicable. *See Short v. SAIF*, 305 Or 541, 545, 754 P2d 575 (1988); *Multnomah County School Dist. v. Tigner*, 113 Or App 405, 408, 833 P2d 1294 (1992); *Mercer Industries v. Rose*, 103 Or App 96, 98, 795 P2d 615, *rev den* 311 Or 150 (1991). SAIF's disclaimer did not create an issue concerning the compensability of the claim.

In 1991, the legislature added the emphasized language to ORS 656.386(1), in response to our decision in *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991), in which we had held that, in order to recover an assessed fee under ORS 656.386(1), the claimant must have prevailed after a hearing. We read the new language as making the statute applicable to cases in which a hearing is not held; however, we do not read it as a general expansion of the terms of the statute so as to provide a basis for an assessed fee in any case in which an attorney is instrumental in obtaining compensation for the claimant, even if the other requirements of the statute, as interpreted by the cases, have not been satisfied. *See SAIF v. Allen*, 124 Or App 183, 861 P2d 1018 (1993).

In order to obtain an assessed fee under ORS 656.386(1), the claimant must still prevail from an order or decision denying a claim for compensation. Here, SAIF only disclaimed responsibility for the claim. Despite the fact that

claimant's attorney may have been instrumental in obtaining SAIF's withdrawal of its disclaimer, that is not a service for which an assessed fee is available under the statute.[2]

Affirmed.

**ROSSMAN, P. J.,** dissenting.

Because SAIF sought to assert that an out-of-state employer was responsible for claimant's injury, SAIF's "disclaimer of responsibility" was, for all practical purposes, a denial of the claim, and I would hold that it triggered claimant's right to seek a hearing pursuant to ORS 656.319. Because claimant's only chance for compensation was from SAIF, when SAIF withdrew its disclaimer of responsibility, claimant prevailed. Claimant's attorney was instrumental in securing the withdrawal of SAIF's disclaimer of responsibility and in obtaining compensation for claimant, and I would hold that claimant is therefore entitled to insurer-paid attorney fees under ORS 656.386(1). *See SAIF v. Allen,* 124 Or App 183, 861 P2d 1018 (1993).

---

[2] We note that ORS 656.307 contains a provision for assessed attorney fees in cases processed under that statute, when the claimant "actively and meaningfully participates" through an attorney. ORS 656.307(5).