In the Matter of the Compensation of
Albert Huntley, Claimant.
## PACIFIC MOTOR TRUCKING,
*Petitioner,*

*v.*

Albert HUNTLEY,
*Respondent.*

(WCB 92-12551; CA A81851)

880 P2d 934

Kenneth L. Kleinsmith argued the cause for petitioner. With him on the brief was Meyers & Radler.

James L. Edmunson argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz* and Leeson, Judges.

ROSSMAN, P. J.

---

* De Muniz, J., *vice* Richardson, C. J.

## ROSSMAN, P. J.

Employer seeks review of an order of the Workers' Compensation Board, contending that the Board erred in holding that claimant's hospitalization for pneumonia is compensable and that claimant is entitled to a penalty and attorney fees.

■ Claimant is permanently and totally disabled as a result of a compensable injury in 1977. His disability renders him paraplegic. In March, 1992, he was admitted to the hospital for a respiratory condition that was diagnosed as pneumonia. He sought reimbursement for his medical bills. Employer denied the claim, contending that the pneumonia and hospitalization were not related to the compensable condition. The Board found that, although the pneumonia was not compensable, the hospitalization was, because it was necessited by claimant's compensable condition, which made claimant unable to care for himself at home during his illness. The Board found, additionally, that employer had unreasonably delayed processing of the claim and assessed a penalty. Because the Board's findings are supported by substantial evidence, claimant prevails.

■ The Board also awarded claimant an assessed attorney fee pursuant to ORS 656.386(1).[1] Citing our decision in *SAIF v. Allen*, 124 Or App 183, 861 P2d 1018 (1993), *rev allowed* 318 Or 478 (1994), employer argues that, because the only aspect of the claim on which claimant prevails relates to medical services, there is no basis for an award of fees under that statute. If this were a claim for medical services for the original compensable injury, we would agree. Here, however, the disputed medical services were provided for a separate condition and relate to a new claim, the compensability of

---

[1] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

which has been the subject of this dispute. Although the pneumonia itself is not compensable, the hospitalization is, because it was necessary as a result of claimant's paraplegia. In the context of this new and separate claim, we conclude that ORS 656.386(1) provides a basis for an assessed attorney fee to claimant for having prevailed on the medical services portion of his claim.

Affirmed.