Argued and submitted April 18, affirmed September 14, 1994

In the Matter of the Compensation of
Stephen R. Rapaich, Claimant.

SAIF CORPORATION,
*Petitioner,*

*v.*

Stephen R. RAPAICH
and Grays Int'l of Oregon,
*Respondents.*

(92-14281; CA A81722)

881 P2d 830

Steve Cotton, Special Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert L. Ackerman argued the cause for respondent Stephen R. Rapaich. With him on the brief was Ackerman, DeWenter & Huntsberger, P.C.

No appearance by respondent Grays Int'l of Oregon.

Before Warren, Presiding Judge, and Edmonds and Leeson, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

### WARREN, P. J.

SAIF seeks review of an order of the Workers' Compensation Board that awarded 54 percent permanent partial disability and awarded an out-of-compensation attorney fee. We affirm.

Claimant injured his finger at work. The claim was closed and a determination order awarded scheduled permanent partial disability (PPD). SAIF paid the full award to claimant. On reconsideration, the Department of Insurance and Finance reduced the award to 47 percent. Claimant requested a hearing on the reconsideration order. The Board ordered an increase in claimant's award to 54 percent. The order also provided for an attorney fee of 25 percent of the increased compensation, pursuant to ORS 656.386(2).

SAIF seeks review of the Board's order. Its assignment is that "[t]he Board erred in ordering SAIF to pay an out-of-compensation attorney fee in addition to the PPD award already paid in full to claimant." The order provided, in part:

"1.   Claimant's award of scheduled permanent partial disability is * * * 54 percent loss of the left index.

"2.   Claimant's agreement with his attorney is approved for payment of a fee of 25 percent of the increased compensation payable under this order."

On its face, the order approves only an out-of-compensation attorney fee.[1] It does not provide for an attorney fee *in addition to* compensation to be paid by SAIF. Given those circumstances, SAIF's assignment of error presents nothing for us to review.[2]

---

[1] Paragraph 5 of the Board's order provides:

"SAIF Corporation shall pay to claimant's attorney * * * an out-of-compensation fee equal to 25 percent of the increased time loss benefits pursuant to this order."

That part of the order requires SAIF to pay an out-of-compensation fee to be paid from time loss benefits. It is not the subject of the assignment of error.

[2] If SAIF means to argue that OAR 438-15-085 may prevent it from recouping any amount that it is required to pay in addition to compensation, that issue is premature and we need not address it. SAIF has not been ordered to pay attorney fees in addition to compensation, therefore, any potential recoupment of an overpayment is not before us at this time. Further, it is not at all clear whether SAIF will be ordered to pay the attorney fee in addition to the compensation that it has paid. In

Affirmed.

**EDMONDS, J.,** dissenting.

The majority fails to recognize what SAIF claims for the import of the Board's order in this case when it holds that SAIF's assignment of error provides nothing for us to review. I would remand this matter to the Board.

To understand SAIF's arguments, it is necessary to keep in mind what occurred before the Board's order. Claimant compensably injured his left index finger. Initially, the Department of Insurance and Finance (DIF) closed the claim with an award of 81 percent scheduled permanent partial disability (PPD) for his index finger. SAIF paid the award. Claimant requested reconsideration by DIF, and on reconsideration, DIF reduced the award to 47 percent. SAIF then audited the file and determined that the reduction in PPD and the increase in temporary total disability (TTD) resulted in an overpayment to claimant of $716.41.

Claimant subsequently appealed the reduction of the 81 percent PPD to 47 percent PPD to the hearings division. The referee granted an award of 54 percent PPD and awarded claimant's attorney "a fee of 25 percent of the increased compensation payable under this order." SAIF sought reconsideration of the portion of the order that awarded an attorney fee of 25 percent of the increased PPD award. It asked if the referee had "thought through" the question of ordering payment of an attorney fee when the increased compensation did not exceed what previously had been paid. The referee issued an order denying reconsideration in which he said:

*SAIF v. O'Neal*, 45 Van Natta 2081 (1993), which is pending review in this court (CA A81987), the employer was ordered to pay the attorney fee in addition to the compensation already paid. However, in *Jane A. Volk*, 46 Van Natta 681 (1994), also pending review in this court (CA A84509), the Board established a procedure by which a claimant's attorney could seek recovery of the fee directly from the claimant when the employer had already paid the entire award before being ordered to pay an out-of-compensation attorney fee. The Board distinguished the situation, such as in *SAIF v. O'Neal, supra*, where the employer had bypassed the claimant's attorney and paid disputed compensation directly to the claimant, thereby depriving the attorney of the opportunity to collect the fee directly from the employer. In light of the Board's distinction based on the facts of the particular case, and because the order before us does not address the question of how the fee will be paid in this case, we will not address arguments about that issue on this review.

"OAR 438-15-085(2) provides that an attorney fee awardable under Board rules 'to be paid out of increased compensation awarded by a referee * * * shall not be subject to any offset based upon prior overpayment of compensation to the claimant.' It is appropriate to apply this provision to the present circumstances."

The Board adopted the referee's order.

The majority holds that the order "does not provide for an attorney fee *in addition to* compensation to be paid by SAIF." 130 Or App at 218. (Emphasis in original.) SAIF argues and claimant agrees that the effect of the Board's order is that SAIF is required to pay an attorney fee to claimant's attorney in addition to the compensation that it has already paid to claimant. SAIF's reasoning is obscure, but as I understand it, it believes that the Board's order directs it to pay an attorney fee to claimant's attorney and that, under OAR 438-15-085(2), it cannot later obtain an offset for the overpayment that results from payment of the attorney fee.

OAR 438-15-085(2) provides:

"An attorney fee which has been authorized under these rules to be paid out of increased compensation awarded by a referee, the Board or a court shall not be subject to any offset based upon prior overpayment of compensation to the claimant."

In denying reconsideration, the referee referred to OAR 438-15-085(2) and to *Judy A. Jacobson*, 44 Van Natta 2450 (1992). In that case, the Board increased an award of PPD from 17 percent awarded by the referee to 25 percent and awarded an attorney fee of $500 after the insurer had paid an award of 27 percent pursuant to a determination order. The insurer requested that the Board clarify its order "to point out that no attorney fee is actually payable since there is no additional amount payable to claimant." The Board said that to adopt the insurer's argument would contravene OAR 438-15-085(2). It held that claimant's attorney was entitled to a fee out of the increased benefits and directed the insurer to pay the "out-of-compensation attorney fee awarded by the referee and Board orders."

Apparently, the parties understand the referee's order, when considered in the light of *Jacobson*, to mean that

an attorney fee equivalent to 25 percent of the increased award is payable to claimant's attorney by SAIF and that the amount paid cannot be part of any future offset against benefits payable to claimant. The net effect of the order as understood by SAIF is that SAIF is required to pay an attorney fee in addition to compensation. If that is the legal effect of the order, then the majority's holding that the order does not provide for an attorney fee in addition to compensation is wrong.

We cannot tell from the face of the order whether the Board intends that SAIF pay an attorney fee in addition to compensation. If we hold that it does not, we decide the case without the benefit of briefs or oral argument on a basis that is different than what has been argued by the parties. Moreover, we will perpetuate review of an ambiguous order. Rather, we should remand to the Board and require it to expressly tell us whether it is directing that SAIF pay an attorney fee in addition to the compensation that it has already paid. If it is not, then SAIF's concern has no basis. If the Board considers the legal effect of its order to be that SAIF is required to pay an attorney fee in addition to compensation, then SAIF can seek review, and we can consider its arguments on their merits.