Argued and submitted May 6, 1994, affirmed May 17, 1995

In the Matter of the Compensation of
Nancy E. O'Neal, Claimant.

SAIF CORPORATION
and Robert Tewell,
*Petitioners,*

*v.*

Nancy E. O'NEAL,
*Respondent.*

(WCB 91-12978; CA A81987)

895 P2d 350

Steve Cotton, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Charles Maier filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

SAIF seeks review of an order of the Workers' Compensation Board that requires it to pay an out-of-compensation attorney fee award directly to claimant's attorney, despite the fact that the compensation due to claimant has been paid in full. We affirm.

On July 19, 1991, claimant left work because of a compensable back injury. Her employer was noncomplying and, on August 21, 1991, the Compliance Division referred the case to SAIF for processing. The Compliance Division believed, at that time, that claimant's hourly wage was $5.50. On September 3, 1991, SAIF began paying temporary total disability (TTD) to claimant for the period beginning on August 21, 1991. Eventually, SAIF accepted the claim, and claimant was also paid for all time loss from the date of the injury to August 21. On September 12, 1991, claimant filed a hearing request. She sought increased TTD, as well as penalties and attorney fees, for SAIF's alleged unreasonable failure to pay TTD in a timely manner. On October 23, 1991, claimant filed a supplemental request for a hearing, seeking additional TTD on the basis that SAIF had miscalculated the rate for her temporary disability. Her hourly wage apparently was $6.00, rather than $5.50. SAIF received a copy of the supplemental hearing request, and, soon after that, it recalculated her benefits based on a wage of $6.00 per hour and paid her the full amount of the increased benefits due.

Claimant sought review of the Board's decision in this court, arguing that she was entitled to a penalty for SAIF's delayed payment of the full amount of time loss ultimately due to her. We held that she was not entitled to a penalty. *O'Neal v. Tewell*, 119 Or App 329, 850 P2d 1144 (1993). She also argued that she was entitled to an attorney fee under ORS 656.386(1), because of her attorney's success in obtaining additional compensation after the request for hearing was filed but before a hearing was held. We held that claimant was not entitled to an attorney fee under ORS 656.386(1), because that subsection requires that the appeal be from an order or decision denying compensation and compensation was not denied here. We held, however, that attorney fees may be available to claimant under ORS 656.386(2) and remanded to the Board to reconsider the

attorney's request for fees under that subsection. *O'Neal v. Tewell, supra*, 119 Or App at 332.

On remand, the Board concluded that claimant's attorney was entitled to receive "25% of the increased TTD, not to exceed $1,050" and that SAIF must pay that amount directly to claimant's attorney, even though the full amount of compensation owing to claimant had already been paid. The Board explained:

> "It is undisputed that the rate of claimant's TTD was increased prior to hearing. In light of such circumstances, claimant's counsel is entitled to an attorney fee payable from this increased compensation. ORS 656.386(2); OAR 438-15-030; *O'Neal v. Tewell, supra*. In accordance with claimant's attorney retainer agreement, this fee shall equal 25 percent of the increased TTD, not to exceed $1,050. Accordingly, SAIF is directed to pay claimant's counsel an attorney fee consistent with the aforementioned formula.

> "In the event that the increased TTD has already been paid to claimant, this order will have created an overpayment of compensation equal to the attorney fee granted herein. Should such circumstances exist, *SAIF is authorized to recover the overpayment created by this order against claimant's future permanent disability awards under this claim*." (Emphasis supplied.)

SAIF argues that the Board erred in ordering it to pay an out-of-compensation attorney fee directly to the attorney when it had already paid the full amount of compensation due to claimant.[1] SAIF first argues that the Board's action was inconsistent with the language of ORS 656.386(2). That statute authorizes the award of attorney fees in a case such as this and provides that such fees are to be paid "from the claimant's award of compensation." SAIF contends that the Board's order is inconsistent with the statutory language, because by requiring SAIF to pay fees directly to claimant's attorney the Board is awarding fees *in addition to* the compensation already paid to claimant and, therefore, the award of fees is not "from the claimant's award of compensation."

---

[1] The same argument was made to this court in *SAIF v. Rapaich*, 130 Or App 216, 881 P2d 830 (1994). However, we did not decide this question in that case because we held that the Board's order did not provide for an attorney fee *in addition to* compensation.

The Board concluded that under these unique circumstances, it was permissible to require SAIF to pay the attorney fee directly to the attorney, even though claimant had received the full amount of compensation then due. The Board's conclusion was based on its determination that, through its unilateral action, SAIF created the necessity of ordering the additional payment; that had SAIF followed proper procedures, the attorney fees could, and would, have been paid out of claimant's compensation. In reaching its conclusion, the Board relied on the fact that additional compensation remained due at the time that claimant requested a hearing, that SAIF was aware of claimant's representation by counsel *before* it paid claimant in full, that claimant's attorney had taken all necessary action to secure the fee and that SAIF failed to notify the attorney that it was going to pay the full amount of compensation to claimant.

The Board explained the rationale for its decision:

"When extended to its logical conclusion, SAIF's position would lead to an unworkable system. Specifically, according to SAIF, at any time prior to a litigation order, a carrier could pay disputed compensation to a claimant without also notifying the claimant's counsel concerning arrangements regarding the payment of an 'out-of-compensation' attorney fee. Such a result would not only be inconsistent with the litigation process which encourages full disclosure between litigants and their legal representatives, but would also inevitably lead to instances of 'gamesmanship' concerning the recovery of an attorney fee to which an attorney was rightfully entitled. Neither result would be consistent with the express purpose of the workers' compensation system to reduce litigation and eliminate the adversarial nature of the compensation proceedings to the greatest extent practicable. *See* ORS 656.012(2)(b). In conclusion, we decline to support such reasoning, particularly where, as here, claimant's attorney had taken whatever action was available to secure his receipt of an attorney fee and SAIF was aware of that legal representation."

SAIF argues that it had no alternative but to make the payments to claimant, because, if it had not, it would have been subjected to penalties for delay in paying the increased benefits. However, as the Board explained, SAIF did have an alternative:

"SAIF"s reasoning overlooks a readily-available mechanism with which every party or practitioner before this forum is well-acquainted.

"That resolution method is a stipulation. In other words, if SAIF was concerned about potential 'penalty' ramifications and its authority to pay an 'out-of-compensation' attorney fee, it should have contacted claimant's attorney and arranged for the preparation of a stipulated agreement for Referee approval. In this way, the issues raised by claimant's hearing request could have been fully resolved and the hearing request formally dismissed.

"In the event that negotiations for a stipulation did not bear fruit, SAIF could then have paid the disputed compensation directly to claimant. Such a procedure would have provided justification for SAIF"s conduct in defense of any subsequent charge of unreasonable claim processing. Moreover, had SAIF been unsuccessful in pursuing resolution of the dispute through negotiations, it is entirely conceivable that we would have concluded that it would be inequitable to now require SAIF to pay the attorney fee award directly to claimant's attorney. Because SAIF did not avail itself of this opportunity to resolve this dispute in a manner which would involve the full participation of all litigants and their respective legal representatives, but instead essentially preempted an orderly resolution process, we do not consider it inequitable to direct SAIF to pay our 'out-of-compensation' attorney fee award directly to claimant's attorney."

■    We agree with the Board's conclusion. Although it is true that ORS 656.386(2) specifies that the out-of-compensation attorney fee must be paid from the claimant's award of compensation, when the employer's unnecessary and unilateral action makes the additional award necessary, the statute should not be read to preclude the Board from ordering the carrier to pay the fees directly to the attorney. The employer should not be allowed to rely on the statute to avoid having to pay the fee directly to the attorney. In these unique circumstances, it was permissible to require SAIF to pay claimant's attorney directly and recover that amount from claimant's future permanent disability awards.[2]

---

[2] A different question is presented by circumstances where no additional compensation was due to a claimant at the time of the hearing request or thereafter. We are not deciding that question here.

SAIF also contends that the Board's decision here is inconsistent with our decision in *Lebanon Plywood v. Seiber*, 113 Or App 651, 833 P2d 1367 (1992). In *Seiber*, the claimant did not receive a procedural overpayment that he would have received had the employer not delayed in processing the claim. We held that the Board lacked authority to order an overpayment for benefits to which claimant was only procedurally, not substantively, entitled. We noted that an employer is subject to penalties if it unreasonably delays in the payment of benefits and that might be an appropriate remedy. This case, however, involves a different situation. In *Seiber*, there was no need for an overpayment; the claimant was simply attempting to obtain *extra* benefits that he would have received had the claim been correctly processed. Here, by contrast, there was a need for an overpayment because claimant's attorney was not paid out of claimant's award of compensation as he should have been. Because the necessity for the overpayment was created by SAIF's unilateral and unnecessary action, we believe that the Board had authority to remedy the situation by ordering the overpayment.

SAIF also argues that the Board's rule, OAR 438-15-085(2), is inconsistent with ORS 656.386, because the application of the rule may result in an out-of-compensation award of attorney fees being paid from some source other than a claimant's compensation. However, it is unnecessary to address SAIF's challenge to the rule on this basis, because neither the Board nor we rely on it to authorize the Board's action here. *See Weyerhaeuser Co. v. Sheldon*, 86 Or App 46, 738 P2d 216 (1987).

■ Finally, SAIF also argues that the Board's order requiring it to recover the amount of the attorney fees paid from claimant's future permanent disability awards violates ORS 656.234(1), because it illegally assigns a claimant's future benefits. That statute provides:

> "No moneys payable under this chapter on account of injuries or death are subject to assignment prior to their receipt by the beneficiary entitled thereto, nor shall they pass by operation of law. All such moneys and the right to receive them are exempt from seizure on execution, attachment or garnishment, or by the process of any court."

However, we believe that the Board's action is not an assignment of future benefits but, rather, a lien for attorney fees upon future compensation authorized by ORS 656.388(2). We conclude that the Board did not err in these unique circumstances in ordering SAIF to pay attorney fees directly to claimant's attorney.

Affirmed.[3]

---

[3] SAIF does not rely on OAR 438-15-085(1), which provides:

"If the claimant consents in the attorney retainer agreement, the defense or the Board may order the payment of approved attorney fees directly to the claimant's attorney in a lump sum when the fee is to be paid out of an award of compensation for permanent disability. The lump sum shall not be due until the award of compensation becomes final."

Accordingly, we do not address what application, if any, that rule might have in this case.