Argued and submitted October 30, 1995, affirmed May 22, 1996

In the Matter of the Compensation of
Jacquelyn E. Bailey, Claimant.

Jacquelyn E. BAILEY,
*Petitioner,*

*v.*

BOEING COMPANY
and Aetna Casualty Co.,
*Respondents.*

(93-04303; CA A85645)

917 P2d 72

Robert Wollheim argued the cause for petitioner. With him on the briefs was Welch Bruun Green & Wollheim.

Vera Langer argued the cause for respondents. With her on the brief was Scheminske Lyons & Bussman.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Claimant seeks review of an order of the Workers' Compensation Board denying her request for attorney fees. We affirm.

The relevant facts are uncontested. Claimant sustained a compensable low back injury in 1989. In 1990, insurer declined to pay benefits for services provided by Dr. Long, because he had not been approved as a treating physician and claimant had exhausted her three choices as to attending physicians without approval by the insurer or the Director of the Department of Consumer and Business Services. *See* OAR 436-10-060. Claimant requested the Director to approve Long as her attending physician. The Director ultimately determined that claimant had not, in fact, exhausted her right to select three different attending physicians and concluded that she could select Long without the approval of the insurer or the Director. Insurer then paid for Long's medical services.

Claimant then requested a hearing seeking attorney fees under ORS 656.386(1) (since amended by Or Laws 1995, ch 332 § 43), which provides in relevant part:

"If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed."

The administrative law judge dismissed the request for attorney fees on the ground that the Hearings Division lacked jurisdiction to award fees under ORS 656.386(1) (1993). The administrative law judge reasoned that the statute applies only when an attorney is instrumental in obtaining "compensation" where "compensation" is a matter in dispute before the Hearings Division, and, because entitlement to attorney fees is not a dispute as to "compensation," there was no basis for allowing the requested award.

On review, the Board determined that it did have jurisdiction to determine whether claimant was entitled to attorney fees, but, on the merits, it concluded that claimant was not entitled to them. The Board held that, to trigger the portion of ORS 656.386(1) (1993) on which claimant relied,

there must be an order or decision before it denying a claim for compensation. Because there was no order before it denying a claim for compensation, the Board concluded that attorney fees were not authorized.

Following the Board's decision, the Supreme Court decided *SAIF v. Allen*, 320 Or 192, 203, 881 P2d 773 (1994), in which it held that attorney fees may be awarded under the aforementioned provision of ORS 656.386(1) (1993) when an attorney is instrumental in obtaining medical services benefits. The court assumed, but did not decide, that a denial of a claim for compensation was a predicate for recovery of attorney fees under the statute. *Id.* at 200 n 8.

■ Meanwhile, in 1995, the legislature amended ORS 656.386(1) so that attorney fees are allowed only if an insurer or self-insured employer

"refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation."

The amendments apply retroactively. *Volk v. America West Airlines*, 135 Or App 565, 573, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

■ On review of the Board's decision, claimant concedes that, under the current version of ORS 656.386(1), she is not entitled to a Board award of attorney fees. Claimant nevertheless argues that she is entitled to fees, on the ground that the retroactive amendments to ORS 656.386(1) (1993) cannot constitutionally apply to her. According to claimant, before the 1995 amendments to the statute, the Supreme Court's decision in *Allen* confirmed her entitlement to attorney fees under the law that existed at the time of her claim. Therefore, claimant concludes, the legislature cannot eliminate that entitlement by retroactive application of statutory changes without violating the constitutional prohibition on impairment of contract or unilaterally destroying a "vested right." Insurer contends that claimant's constitutional arguments are predicated on the unwarranted assumption that, under *Allen*, claimant had a right to a Board award of attorney fees.

Even assuming that claimant had such a right, insurer contends that the retroactive application of the 1995 amendments effects no unconstitutional elimination of vested rights or impairment of contract obligations.

We agree with insurer that claimant's arguments fail at the outset, because they are based on the incorrect assumption that she was entitled to an award of attorney fees from the Board before the enactment of the 1995 amendments to ORS 656.386(1) (1993). In *O'Neal v. Tewell*, 119 Or App 329, 332, 850 P2d 1144 (1993), we held that a claimant is entitled to attorney fees under ORS 656.386(1) (1993) for obtaining compensation without a hearing only in an appeal " 'from an order or decision denying the claim for compensation' " (quoting *Shoulders v. SAIF*, 300 Or 606, 611, 716 P2d 751 (1986)). We applied the same rule in our decision in *SAIF v. Allen*, 124 Or App 183, 185, 861 P2d 1018 (1993), *rev'd on other grounds* 320 Or 192 (1994), and the Supreme Court expressly declined to disturb that portion of our opinion on appeal. *Allen*, 320 Or at 200 n 8.

There is no dispute in this case that there was no order or decision denying a claim for compensation. Rather, the Director having ruled in favor of claimant, the only matter before the Hearings Division was a petition for attorney fees. Claimant, therefore, was not entitled to an award of attorney fees under the pre-1995 version of ORS 656.386(1), and she cannot complain that her right to such fees was unconstitutionally eliminated by the retroactive application of amendments to that statute.

Affirmed.