Argued and submitted October 24, 1984, affirmed February 6, reconsideration denied May 24, petition for review denied June 25, 1985 (299 Or 314)

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Appellant,*

*v.*

## GATTI et al,
*Respondents.*

(77972; CA A32444)

694 P2d 1020

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Margaret E. Rabin, Assistant Attorney General, Salem.

Charles D. Maier, Salem, argued the cause for respondents. With him on the brief was Gatti & Gatti, P.C., Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

SAIF appeals from a judgment dismissing its civil action for money had and received. The issue is whether the complaint alleges ultimate facts sufficient to state a claim. ORCP 21A(8). Assuming that the well pleaded facts in SAIF's complaint are true, *Sager v. McClenden*, 296 Or 33, 35, 672 P2d 697 (1983), we conclude as a matter of law that SAIF's complaint fails to state a claim. Therefore, we affirm.

Respondents represented a workers' compensation claimant before a hearings referee, who found that the claimant was permanently partially disabled and awarded respondents $800 as attorney fees to be paid out of the claimant's compensation. SAIF appealed the referee's decision to the Workers' Compensation Board, but paid the attorney fees pending review. The Board reversed the referee's award of permanent partial disability. That determination was not appealed.

SAIF then filed this action in district court to recover the $800 paid to respondents. In dismissing SAIF's complaint with prejudice, the trial judge stated:

> "[T]he attorneys fees in this case were part of the compensation awarded to the injured workman. It is also clear that ORS 656.313 provides that any compensation award paid shall not be recoverable by the insurance carrier even if the award is later decreased or deleted by the Court of Appeals."

SAIF argues that under OAR 437-47-080[1] attorney fees are not payable until an award of permanent disability becomes final and that, because the award here was reversed by the Board, it never became final. SAIF also argues that the plain language of ORS 656.313 shows that defendants may not keep the fee.

ORS 656.313 provides, in pertinent part:

> "(1)   Filing by an employer or the insurer of a request for

---

[1] OAR 438-47-080 provides:

"The Board may, with consent of claimant, order payment of the same directly to the attorney. The paying agency shall compute sufficient amounts of the final payments of compensation payable under the award to a lump sum for such attorney's fee payment. The lump sum shall not be payable until the award of permanent disability becomes final."

review or court appeal shall not stay payment of compensation to a claimant.

"(2)    If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.

"* * * * *

"(4)    Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."

ORS 656.313(1) concerns payment "to a claimant." ORS 656.313(2) provides that "the claimant" shall not be obligated to repay any compensation received pending review or appeal.[2] SAIF argues that the provisions against repayment apply only to a claimant, and not to a claimant's attorney. SAIF points to the legislative purpose of ORS 656.313, *i.e.,* to provide support to injured workers. *See Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 517, 559 P2d 1305, *rev den* 278 Or 393 (1977).[3] SAIF argues that a claimant receives no support from money paid to an attorney and, therefore, the legislative purpose is not served.

We give effect to the plain language of the statute. ORS 174.010; *see Franklin v. SIAC,* 202 Or 237, 241, 274 P2d 279 (1954). The money paid respondents was part of compensation paid to a claimant. The fact that it was paid *directly* to respondents is of no consequence. ORS 656.313(2) provides that the claimant shall not be obligated to repay any compensation received. SAIF's argument that this result does not comport with legislative intent is not persuasive. Any change in the statute must come from the legislature.

Affirmed.

---

[2] We do not decide whether OAR 438-47-080 is consistent with the mandate of ORS 656.313(1) that the filing of a request for review or appeal shall not stay payment of compensation.

[3] We held in *Wisherd* that ORS 656.313 requires that the insurer or self-insured employer pay all compensation, including payment for medical services. The legislature amended ORS 656.313 in 1979 to exclude medical services. *See SAIF v. Maddox,* 295 Or 448, 454, 667 P2d 529 (1983).