Argued and submitted April 3, affirmed June 24, 1987

In the Matter of the Compensation of
Rosalie A. Sheldon, Claimant.
WEYERHAEUSER COMPANY,.
*Petitioner,*

*v.*

SHELDON,
*Respondent.*

(WCB 85-14077; CA A40975)

738 P2d 216

J. W. McCracken, Jr., Eugene, argued the cause and filed the brief for petitioner.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief was Malagon & Moore, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board requiring it to pay claimant's attorney fees for services in obtaining increased compensation. We affirm.

Claimant sustained a compensable injury in 1979. Employer overpaid claimant compensation for temporary total disability in the amount of $9,476.21. By a determination order, claimant was awarded permanent partial disability, with a lump sum value of $5,440. The order also provided that employer was not entitled to an offset against the award for the prior overpayment. Employer paid that award. Claimant requested a hearing, contending that she was entitled to a greater award for her permanent partial disability. Employer contended that it was entitled to offset the overpayment against any increase in claimant's award. The referee increased claimant's award for permanent partial disability by $4,080 and awarded claimant's attorney a fee equal to 25 percent of the increased award, or $1,020, payable out of the increased compensation. He allowed employer to offset the previous overpayment against the increased award of compensation. Because the overpayment was greater than the amount of the increased award, claimant did not actually receive any additional payment.

Claimant then sought payment of her attorney fees from employer and, when employer refused, she requested another hearing. The referee ordered employer to pay the fee, together with a penalty and attorney fee for the additional proceeding. The Board affirmed and adopted the order of the referee.

The referee concluded that employer's obligation to pay claimant an amount equal to the awarded attorney fee stems from OAR 438-47-085(2):

> "An attorney fee which has been approved in accordance with 47-025 or 47-030 to be paid from increased compensation awarded by a referee, the Board or the Court of Appeals shall not be subject to any set-off based on prior overpayment of compensation to claimant by the employer or its insurance

carrier. The employer or carrier shall pay the approved attorney fee to the claimant's attorney."[1]

■ ■ Because the full amount of claimant's additional award of compensation was not as great as the overpayment, the rule requires employer to pay the amount necessary to cover claimant's approved attorney fees, because there is no offset as to that amount. Employer contends that, if the rule is applied here, it would result in an employer-paid attorney fee, even though none is authorized by statute in this case. It does not, however, challenge the validity of the rule. As we read the rule, however, it provides that, even though there has been an overpayment for which an employer may otherwise be entitled to an offset in some amount from the increased award of compensation, the allowable offset is reduced by the amount necessary to cover an approved attorney fee payable out of the increased award.

■ ■ "Necessary adjustments in compensation" are authorized by ORS 656.268, subsection (4)[2] of which applies to the Evaluation Division and subsection (6)[3] of which applies

---

[1] OAR 438-47-025 provides:

"In a proceeding before a referee requested by claimant on the extent of permanent disability, a fee of 25 percent of any increase in permanent disability awarded by the referee, but not more than $2,000, shall be approved for claimant's attorney."

[2] ORS 656.268(4) provides:

"Within 10 working days after the Evaluation Division receives the medical and vocational reports relating to a disabling injury, the claim shall be examined and further compensation, including permanent disability award, if any, determined under the director's supervision. If necessary the Evaluation Division may require additional medical or other information with respect to the claim, and may postpone the determination for not more than 60 additional days. Any determination under this subsection may include necessary adjustments in compensation paid or payable prior to the determination, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability awards and payment of temporary disability payments which were payable but not paid. The Evaluation Division shall reconsider determinations made pursuant to this subsection whenever one of the parties makes request therefore and presents medical information regarding the claim that was not available at the time the original determination was made. However, any such request for reconsideration must be made prior to the time a request for hearing is made pursuant to ORS 656.283. The time from request for reconsideration until decision on reconsideration shall not be counted in any limitation on the time allowed for requesting a hearing pursuant to ORS 656.283."

[3] ORS 656.268(6) provides:

"The Evaluation Division shall mail a copy of the determination to all inter-

to the Board on review. Thus, the Board has authority to authorize offsets, *Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983), *aff'd* 297 Or 628, 686 P2d 1027 (1984), and also has authority to adopt rules "reasonably required in the performance of its duties." ORS 656.726(4). Attorney fees payable out of the award are part of a claimant's compensation, *SAIF v. Gatti,* 72 Or App 106, 694 P2d 1020 (1984), *rev den* 299 Or 314 (1985),[4] and the effect of OAR 438-47-085(2), adopted by the Board, is to make a "necessary adjustment in compensation" by limiting the offset in cases such as this.[5]

Because the result of the Board's decision under its rule is to reduce the amount of the offset by $1,020, that amount of compensation remains owing to claimant out of the additional award of compensation, and that amount is payable to claimant's attorney under the rule. The Board did not err.[6]

Affirmed.

---

ested parties. Any such party may request a hearing under ORS 656.238 on the determination made under subsection (4) of this section within one year after copies of the determination are mailed."

[4] On the other hand, attorney fees payable by the insurer or self-insured employer are not part of a claimant's compensation. *Dotson v. Bohemia, Inc.,* 80 Or App 233, 236, 720 P2d 1345, *rev den* 302 Or 35 (1986).

[5] The rule may address a concern on the part of the Board that claimants who have received overpayments might otherwise have difficulty obtaining legal representation in attempts to secure an increased award.

[6] Although employer also assigns error to the Board's award of a penalty and attorney fees in this proceeding, it does not argue that point. We assume that its argument is contingent on our reversing the Board on the question argued and decided.