Argued and submitted June 24, 1996, reversed and remanded for reconsideration January 22, 1997

In the Matter of the Compensation of
Judith Nix, Claimant.

Judith NIX,
*Petitioner,*

*v.*

FREIGHTLINER CORPORATION,
*Respondent.*

(93-02704; CA A87100)

931 P2d 836

Donald M. Hooton argued the cause for petitioner. With him on the brief was L. Scott Lumsden.

Bruce L. Byerly argued the cause for respondent. With him on the brief was Moscato Byerly & Skopil.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

■ Claimant seeks review of an order of the Workers' Compensation Board (Board) holding that an award of attorney fees is subject to an offset based on prior overpayment of compensation. Claimant contends that the Board's own rules expressly prohibit such an offset. Employer contends that the Board's construction of its rules to allow an offset in the circumstances of this case is a reasonable one and should be upheld. We conclude that the Board's rules unambiguously prohibit offsetting an award of attorney fees based on prior overpayments. We therefore reverse the order and remand the case for reconsideration.

We take the facts, which are not in dispute, from the Board's order. Claimant was compensably injured in 1990 and initially received an award of 11 percent unscheduled permanent partial disability. Employer did not pay the award; it requested reconsideration, and, as a result, the award was reduced to 1 percent disability. Employer paid the 1 percent award. Meanwhile, an administrative law judge ordered employer to pay the 10 percent difference, which it owed pending its reconsideration request, and authorized an offset against future compensation for the overpayment. The overpayment offset totaled $3,200.

Claimant filed a claim for aggravation in 1992. Ultimately, the Board concluded that claimant was entitled to an additional 12 percent permanent partial disability. The Board further concluded that claimant's attorney was entitled to attorney fees in an amount equivalent to 25 percent of the increased compensation. That increase was valued at $3,840. Because employer was entitled to a $3,200 credit against the increased award of disability compensation, the question arose whether claimant's attorney fees of 25 percent were to be based on the award before or after the offset. If the offset were to be credited before the award, claimant's attorney would be entitled to $160, which is 25 percent of $640, the difference between the $3,840 aggravation award and the $3,200 offset. If, on the other hand, the offset were to be credited after the award, claimant's attorney would be entitled to $960, which is 25 percent of the entire $3,840 aggravation award.

The Board held that claimant's attorney fees should be divided into two parts. The first part, the Board concluded, consists of a fee based on 25 percent of an "actual increase" in compensation of $640, the difference between the aggravation award and the offset. The Board required employer to pay this amount, $160, directly to claimant's attorney. The second part, the Board held, consists of a fee based on 25 percent of the remaining $3,200, which already had been paid to claimant and is subject to an employer offset. The Board required claimant to pay that amount, $800, to her attorney.

On review, claimant argues that the Board erred in failing to order employer to pay the entire $960 in fees to her attorney directly, without first offsetting the $3,200 overpayment. According to claimant, OAR 438-15-085(2) expressly provides that attorney fees to be paid out of compensation are not subject to an offset for prior overpayments. Employer contends that the Board's decision is compelled by our decision in *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). It further contends that, in the light of *Volk* and the deference with which we review the Board's application of its own rules, we must affirm the Board's decision to offset the award of compensation for the prior overpayment before determining the attorney fee to be paid directly to employer.

We review the Board's decision for errors of law. ORS 183.482(8); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 202, 752 P2d 312 (1988).

OAR 438-15-085(2) provides:

"An attorney fee which has been authorized under these rules to be paid out of increased compensation awarded by a referee, the Board or a court *shall not be subject to any offset based upon prior overpayment of compensation to the claimant.*"

(Emphasis supplied.) We had occasion to review the proper application of that rule in *Weyerhaeuser Co. v. Sheldon*, 86 Or App 46, 738 P2d 216 (1987).[1] That case, as the one before us

---

[1] The wording of the rule has been changed since our decision in *Sheldon*, but not in any material respect. The former rule provided:

"An attorney fee which has been approved * * * to be paid from increased compensation awarded by a referee, the Board or the Court of Appeals shall not be

now, involved a prior overpayment. The question arose whether that overpayment must be offset against a subsequent award of compensation before payment of attorney fees to claimant's attorney. The Board held that the employer was not entitled to offset the overpayment against the increase in compensation before paying attorney fees to claimant's attorney. We affirmed, holding that the rule

> "provides that, even though there has been an overpayment for which an employer may otherwise be entitled to an offset in some amount from the increased award of compensation, the allowable offset is reduced by the amount necessary to cover an approved attorney fee payable out of the increased award."

*Id.* at 49.

We conclude that the rule is directly applicable and that its terms unambiguously preclude the Board from doing what it did in this case, that is, subjecting attorney fees to be paid out of increased compensation to an offset based on a prior overpayment of compensation to claimant.

We reject employer's contention that we should defer to the Board's implicit conclusion that the rule does not apply to this case. The Board's supposed construction of the rule cannot be squared with the language of the rule itself. Under the interpretive principles described by the Supreme Court in *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994), we defer to an agency's construction of its own rules as long as that construction "is consistent with the wording of that rule." *Id.* at 142. In this case, the rule states that attorney fees to be paid out of compensation "shall not be subject to any offset based upon prior overpayment of compensation to the claimant." The Board's decision to subject the award of attorney fees in this case to an offset based upon the prior overpayment to claimant is directly at odds with the rule and cannot be justified by any reasonable construction of its wording.

---

subject to any set-off based on prior overpayment of compensation to claimant by the employer or its insurance carrier. The employer or carrier shall pay the approved attorney fee to the claimant's attorney."

*Former* OAR 438-47-085(2).

Moreover, contrary to employer's suggestion, our decision in *Volk* has no bearing on the issues now before us. In *Volk*, the claimant initially was awarded 20 percent unscheduled permanent disability, and the employer paid the full amount of the award. The claimant requested reconsideration of the award, but on reconsideration the award was reduced to 11 percent. The claimant requested a hearing on the reconsideration order. Before the hearing, the parties entered into a stipulation that reinstated the award of 20 percent disability. The parties continued to dispute how attorney fees were to be calculated, and they submitted that matter to the Board. The Board approved fees based on the full 9 percent increase in compensation, but held that, because the claimant already had been paid all the compensation she was due, her attorney would have to seek payment of those fees directly from her. The Board reasoned that it lacked authority to order employer to pay attorney fees *in addition to* compensation. We affirmed, relying on the requirement of ORS 656.386(2) that attorney fees be paid "from the increase in the claimant's compensation, if any, except as otherwise expressly provided in this chapter." We reasoned that, because no statute authorized payment of attorney fees in addition to compensation, the Board was correct in concluding that it lacked authority to do so.

In *Volk*, we expressly stated that our decision did not necessitate consideration of the validity of OAR 438-15-085(2). That makes sense, for the rule relates to overpayments, and in *Volk* there was no overpayment. Nor did we say anything in *Volk* that implicitly conflicts with OAR 438-15-085(2). We held that, in accordance with ORS 656.386(2), unless another statute expressly says otherwise, the Board lacks authority to order a payment of attorney fees in addition to an increase in compensation. The rule does not require payment of attorney fees in addition to compensation. It simply prohibits the Board from subjecting attorney fees to be paid out of compensation to an offset based on a prior overpayment of compensation. Thus, it governs only the timing and extent of an offset that may be taken against the increased compensation. As we said in *Sheldon*, the effect of the rule is to reduce the extent to which an offset may be taken against increased compensation; it does not require

payment of attorney fees in addition to the increased compensation itself. *Sheldon*, 86 Or App at 49.

Reversed and remanded for reconsideration.