Argued and submitted October 17, 1996, reversed and remanded for
reconsideration June 11, 1997

## COUNTRY MUTUAL INSURANCE COMPANY,
*Petitioner,*

*v.*

## Angelica MENDOZA
and the Department of Consumer and Business Services,
*Respondents.*

## (H95-163; CA A90905)

939 P2d 674

Kevin Mannix argued the cause for petitioner. On the brief were Conrad E. Yunker and Mannix, Nielsen, Yunker & Crawford, P.C.

Janet H. Breyer argued the cause for respondent Angelica Mendoza. With her on the brief was Philip H. Garrow.

John T. Bagg, Assistant Attorney General, argued the cause for respondent The Department of Consumer and Business Services. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

ORS 656.245(2)(a) provides, in relevant part:

"The worker may choose an attending doctor or physician within the State of Oregon. *The worker may choose the initial attending physician and may subsequently change attending physician two times without approval from the director.* If the worker thereafter selects another attending physician, the insurer or self-insured employer may require the director's approval of the selection and, if requested, the director shall determine with the advice of one or more physicians, whether the selection by the worker shall be approved."

(Emphasis supplied.) At issue in this case is whether a worker changing attending physicians after referral by her current attending physician for evaluation and treatment by another counts as one of the two changes that the statute permits without prior director approval. Claimant in this case contends, and the Workers' Compensation Division of the Department of Consumer and Business Services (department) held, that such a change is not really a "change" within the meaning of the statute. According to claimant and the department, that is so because the change was preceded by the referral of a physician. Insurer contends that the statute draws no such distinction between changes that follow a physician referral and changes that do not. We conclude that a change of physicians is no less a "change" within the meaning of ORS 656.245(2)(a) merely because it was preceded by a referral for evaluation and treatment. Accordingly, we reverse and remand for reconsideration.

The facts are undisputed. Claimant compensably injured her right ankle. She was treated by Dr. Lieuallen, whom she had chosen to be her attending physician. Claimant then saw Dr. Oliver, and, on the day that she first saw him, she filed a change of physician form with insurer that stated, "I wish to change my attending physician," and designated Oliver as her new attending physician. Ten days later, Oliver referred her to Dr. Karmy for evaluation and treatment of her ankle. Karmy proceeded to see claimant as a "consultation at the request" of Oliver and sent a copy of his examination notes to Oliver. The following week, claimant

filed another change of physician form to change her attending physician to Karmy. Several months later, Karmy referred claimant to Dr. Holmboe for a second opinion. Several weeks after that, claimant filed a third change of physician form, this time to designate Holmboe as her attending physician. Insurer notified claimant that it did not approve of the final change of physicians, and, because the change constituted a third attempt to change physicians, the insurer demanded that the change be submitted to the director for approval. The matter was submitted to the department's Benefit Consultation Unit, which determined that, because the selection of Karmy as claimant's attending physician was precipitated by a referral by the previous attending physician, it did not count as one of the two statutory changes of physicians permitted to occur without director approval; accordingly, the last change was only the second statutory change, and director approval was not required for that change either.

Insurer requested a hearing. An administrative law judge (ALJ) affirmed. The ALJ noted that a department rule, OAR 436-10-060(3), provides that only referrals "initiated by the claimant" count as one of the two statutory changes of physicians that may transpire without director approval, while "[c]onsultations or referrals initiated by the attending physician" do not count.[1] Under that rule, the ALJ concluded, the referral to Karmy did not count, and thus the final change of physicians—from Karmy to Holmboe—does not require director approval.

■ Insurer argues that the ALJ erred in concluding that the mere fact that the change of physicians from Oliver to Karmy was preceded by a referral means that the change of physicians does not count as one of the two "changes" of

_____

[1] OAR 436-10-60 provides, in relevant part:

"(3) The worker * * * is allowed to change attending physicians by choice two times after the initial choice. Referral by the attending physician to another attending physician, initiated by the claimant shall count in this calculation. * * * For the purposes of this rule, the following are not considered changes of physician by the worker:

"* * * * *

"(c) Consultations or referrals initiated by the attending physician."

attending physicians allowed under ORS 656.245(2)(a) without director approval. Insurer further asserts that, to the extent that the ALJ's decision was necessitated by OAR 436-10-060(3), that rule is invalid. Claimant and the department argue that the rule is a reasonable construction of the statute, to which we should give deference, and that the rule compels the ALJ's conclusion in this case.

At the outset, we note that this case calls for no deference to an agency's exercise of discretion or authority delegated to it by statute. It calls for us to determine whether an agency's construction of nondelegative statutory terms is correct, nothing more. *See generally England v. Thunderbird,* 315 Or 633, 638, 848 P2d 100 (1993) (court's function in reviewing agency construction of inexact statutory term is to determine whether the agency erroneously interpreted the law). In determining the validity of the agency's construction of the statute, we examine the text and context of the statute and, if necessary, its legislative history and other relevant interpretive aids. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993).

ORS 656.245(2)(a) allows the worker to choose his or her attending physician. It further allows the worker "subsequently [to] change attending physician[s] two times without approval from the director." The statute then provides that, "[i]f the worker thereafter selects another attending physician," the insurer or self-insured employer has the right to insist on prior approval of the director.

The department's implementing rule provides that certain actions do not constitute a "change" of physicians within the meaning of ORS 656.245(2)(a). Among those actions are emergency treatments, medical examinations that occur at the request of the insurer and "[c]onsultations or referrals initiated by the attending physician." OAR 436-10-060(3)(c). Under the language of the rule, a consultation or referral itself does not necessarily require a change of attending physicians. A current attending physician, for example, may refer the claimant to another for a consultation or for specialized treatment, and the medical services provided by the consulting physician or treating specialist will continue to be covered as long as they are authorized by the

attending physician. OAR 436-10-040(3)(a). Referral, in other words, does not necessarily *require* a change of attending physicians, and the fact that a current attending physician has requested a consultation with, or authorized treatment by, another physician by itself does not mean that the claimant *must* change to another attending physician. We find nothing in the department's rule that suggests that, if a change of attending physicians is preceded by a consultation or referral, the change of physicians does not count as one of the two changes that do not require prior director approval. The rule does not speak to that circumstance. We understand that the department itself reads the rule as if it does. Under *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994), ordinarily we defer to an agency's reasonable construction of its own rule. In this case, the agency's construction simply is not reasonable. *See Nix v. Freightliner*, 145 Or App 560, 564, 931 P2d 836 (1997) (no deference to unreasonable agency construction of administrative rule); *Blaisdell v. MVD*, 145 Or App 468, 472, 929 P2d 1073 (1996) (same). As we have noted, there is no language in the rule that reasonably can be construed to mean that a change of physicians that is preceded by a consultation or referral does not count as one of the two changes of physicians that do not require prior director approval under ORS 656.245(2)(a).

█    We turn, then, to the facts of this case. There are no findings that Oliver's referral to Karmy was anything other than a referral for consultation or specialized treatment that did not necessitate a change of attending physicians. Indeed, Karmy's own notes refer to the initial examination as a "consultation" at the request of Oliver. A week later, claimant filed a change of physician form declaring her "wish to change [her] attending physician." There is neither a finding nor evidence that filing the change of physician form was in any way required by the referral for consultation. They were two separate events. Although one—the consultation—does not count as a change of physicians within the meaning of ORS 656.245(2)(a), the other—filing the change of physician form—does. Accordingly, the ALJ's order concluding that the change of attending physicians from Oliver to Karmy did not

count as one of the two "changes" in attending physicians allowed without director approval was in error.

Reversed and remanded for reconsideration.